## Dillon *v.* Faloon, Appellant.

*Will—Devise—Testamentary power—Fee simple.*

Where there is a devise to a widow for life with an absolute power of testamentary disposition, and this power is exercised, the title made by the widow is in fee.

Where a person has a power of testamentary disposition over real estate, a general devise of his real estate raises a presumption of intention to execute the power, and no recital of the power is necessary.

Argued Oct. 31, 1893. Appeal, No. 201, Oct. T., 1893, by defendant, Joseph Faloon, from judgment of C. P. No. 2, Allegheny Co., July T., 1893, No. 288, on case stated for plaintiff, Mary Dillon. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Case stated to determine whether deed offered by plaintiff to defendant conveyed marketable title. Before WHITE, J.

From the case stated it appeared that James Farley died on June 17, 1883, seized of the premises in question. By his will he devised the property as follows:

" I give and devise unto my beloved wife Catharine Pritchard Farley all that my messuage or tenements and lot of ground situate on Webster avenue, between Granville and Devillier streets, fronting 44 feet on Webster and extending to Enoch street, having a front of 22 feet on Enoch street, city of Pittsburgh, Allegheny county, Pennsylvania, together with the appurtenances, to hold to her my said beloved wife, Catharine Pritchard Farley, and her assigns for and during her natural life, she paying the taxes thereof and keeping the buildings in tenantable repair; the aforesaid tenement and lot to be disposed of at the pleasure of my beloved wife at her death."

Mrs. Farley died on May 20, 1891, leaving a will by which she devised the property to plaintiff absolutely, " to be held and enjoyed by her, her heirs and assigns forever." Plaintiff agreed to sell the fee to defendant.

Judgment for plaintiff. Defendant appealed.

*Error assigned* was entry of judgment.

*A. W. Duff*, for appellant, cited: Fisher v. Herbell, 7 W. & S. 65; 4 Kent, 536; Pres. Ch. v. Disbrow, 52 Pa. 223; Wetherill v. Wetherill, 18 Pa. 272.

*S. A. Will*, for appellee, not heard, cited: Smith's Ap., 23 Pa. 9; Smith v. Fulkinson, 25 Pa. 109; Forsythe v. Forsythe, 108 Pa. 129; Wetherill v. Wetherill, 18 Pa. 272; Kinter v. Jenks, 43 Pa. 445; Keefer v. Schwartz, 47 Pa. 503; Pepper's Will, 1 Pars. 436; Boyle v. Boyle, 152 Pa. 108.

PER CURIAM, November 13, 1893:

The facts of this case are substantially like those in Forsythe v. Forsythe, 108 Pa. 129, and furnish a basis for a like judgment. There, as here, a devise was made to a widow for life with an absolute power of testamentary disposition which was exercised; and it was held that the title made by the widow was in fee. The power of testamentary disposition necessarily excluded the life estate given the widow and made her will inoperative unless as an execution of it. Even a general devise of real estate raises a presumption of intention to execute the power, and no recital of the power is necessary: Act June 4, 1879, sec. 3, P. L. 88. There was, therefore, no error in entering judgment, on the case stated, in favor of the plaintiff.

Judgment affirmed.