## Lloyd *v.* Fretz, Appellant.

*Will—Power of appointment—Recital of Power—Act of June 4, 1879, P. L. 88.*

1. Where a testatrix gives to her husband all her property for life and directs that after his death one-fourth of her estate should be divided between a son and an adopted son in such shares as her husband should see fit, and the husband without reciting the power gives one-fourth of all real estate to the son and five dollars to the adopted son "as his full share," the husband validly exercises the power given him by his wife's will.

2. Under the Act of June 4, 1879, P. L. 88, a power of appointment may be validly exercised without a recital thereof or direct reference thereto.

Submitted Feb. 19, 1912. Appeal, No. 60, Jan. T., 1912, by defendants from judgment of C. P. Lackawanna Co., June T., 1911, No. 465, for plaintiff on case stated in suit of Mary A. Lloyd and Samuel J. Lloyd to the use of Mary A. Lloyd v. Alice Fretz and M. D. Fretz. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketable title to land belonging at one time to Barbara J. Lloyd, wife of John Lloyd.

EDWARDS, P. J., filed the following opinion:

This case has been before us twice on a rule for judgment for the want of a sufficient affidavit of defense. Each time, for adequate reasons, we refused to dispose of the merits of the case on the record as presented, and we suggested that the controversy could be more satisfactorily considered on a case stated. Our suggestion was accepted by counsel, and the case stated is now before us.

The legal questions involved arise from the consideration of two wills, that of Barbara Lloyd, the wife and

that of John Lloyd, the husband. Does the will of Barbara Lloyd vest in her husband a valid power of appointment? And, has John Lloyd, in his will, properly exercised the power of appointment so vested in him?

Barbara Lloyd devised her estate in the following words:

"I do hereby give, devise and bequeath unto my beloved husband, John Lloyd, all my property, real, personal and mixed of what nature or kind soever, to hold during the term of his natural life, and after his death one-fourth of my entire estate to go to my son, John D. Lloyd, one-fourth to my daughter, Mary Ann Patten, one-fourth to my son, Samuel J. Lloyd; (the remaining one-fourth of my estate to be divided between my son, Thomas T. Lloyd, and my adopted son, William Lloyd, in such shares as my husband, John Lloyd, shall see fit.)

It is clear that the wife, in reasonably apt terms, gave to her husband the power to dispose of one-fourth of her estate between her son, Thomas, and her adopted son, William, "in such shares as my husband, John Lloyd, shall see fit." There can be no serious doubt, but that a limited power of appointment was vested by the wife in the husband as to one-fourth of her entire estate. Counsel, we understand, concede this proposition.

The real dispute relates to the exercise of the power of appointment by the husband. Two of the items in his will read thus:

Item 6. "I give, devise and bequeath to my son, Thomas Lloyd, a share of all the real estate like Samuel Lloyd and Mary Ann Patten, share and share alike, equal shares."

Item 7. "I give, devise and bequeath to William Prosser, whom I have raised, the sum of $5.00, as his full share."

It is agreed that the William Lloyd, named in the wife's will, is the same person as the William Prosser named in the husband's will. He was an adopted son.

In reading the wife's will it will be noticed that she gave the power to her husband to dispose of the one-fourth of her "entire" estate. Her will in terms devises all her property, "real, personal and mixed of what nature or kind soever." In disposing of the one-fourth over which he had the power of appointment, the husband gives to one son "a share of all the real estate like Samuel Lloyd and Mary Ann Patten" that is, one-fourth of the real estate. There is nothing in the case stated to indicate the sum of the one-fourth of the wife's "entire" estate. It may be a mooted question as to whether the husband has fully exercised the power vested in him by his wife's will. There may be some part of the one-fourth of the wife's entire estate yet undisposed of; but that question does not concern us now. So far as it is shown by the husband's will, he has given one-fourth of the real estate to one son, and to the other son he has given $5.00 "as his full share." The items six and seven of the husband's will should be read together, and thus reading them together we find a valid exercise of the power of appointment vested in the husband. He gives to one son the one-fourth of the real estate and to the adopted son he gives $5.00 as his full share.

The title of the plaintiffs in this case depends upon the validity of the devise by John Lloyd of the one-fourth interest in the real estate to the son, Thomas. We are of the opinion that the devise is valid and that the title is good.

It is not necessary to discuss at length the law applicable to the present controversy. As early as 1863, in the case of Graeff v. DeTurk, 44 Pa. 527, it was decided that the English equity rule that where there is a power of appointment among several distributees each shall have an interest in the fund fairly proportioned to the amount for distribution and that the appointment of a nominal share to a beneficiary is illusory and void, has never been adopted in Pennsylvania.

The same doctrine has been recognized in several sub-

sequent cases, cited in counsel's briefs.

For the reasons stated the plaintiffs are entitled to judgment. An order to this effect has already been signed.

*Error assigned* was the judgment of the court.

*John J. Owens, Jr.* and *Houck & Benjamin,* for appellants.—If it were not for the Act of June 4th, 1879, this attempt to execute a power conferred by the will of Barbara Lloyd would be void, in that it does not refer to the power of appointment: Thompson v. Garwood, 3 Whart. 287; Wetherill v. Wetherill, 18 Pa. 265; Keefer v. Schwartz, 47 Pa. 503.

The donee of a limited non-exclusive power must so appoint that every one of the objects shall have a share: Neilson's Est., 17 W. N. C. 158; Russell v. Kennedy, 66 Pa. 248.

*A. A. Vosburg,* for appellee.—Under the act a power of appointment may be validly executed without a recital thereof, or direct reference thereto: Dillon v. Faloon, 158 Pa. 468; Ingersoll's Est., 167 Pa. 536; Howell's Est., 185 Pa. 350; Aubert's App., 109 Pa. 447.

The validity of a power of appointment of this character is well settled: Seitzinger's Est., 170 Pa. 500; Forsythe v. Forsythe, 108 Pa. 129; McNeile's Est., 217 Pa. 179.

Where one has a general power of appointment, by will, the property will pass even under a general residuary request in the donee's will, precisely as if he were the absolute owner: Terpee's Est., 224 Pa. 482; Francombe v. Hynward, 29 Jurist 344; Finn's Est., (No. 2), 18 D. R. 408; Graeff v. DeTurk, 44 Pa. 527; Forsythe v. Forsythe, 108 Pa. 129; Darling v. Edson, 4 Pa. Super. Ct. 498; Russell v. Kennedy, 66 Pa. 248.

PER CURIAM, March 18, 1912:

To what is said in the opinion of the learned president Judge of the Common Pleas, on which we affirm the judgment, it may be added that under the Act of June 4, 1879, P. L. 88, a power of appointment may be validly exercised without a recital thereof or direct reference thereto: Dillon v. Faloon, 158 Pa. 468.

The judgment is affirmed.