## Sinnott's Estate.

464

Argued January 17, 1933. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Walter B. Gibbons,* with him *Henry I. Fox* and *Daniel
C. Donoghue,* for appellant.—The trustees are possessed
of a limited power of appointment, and it will be strictly
construed: Roger's Est., 218 Pa. 431.

In the present case there is a right of selection as to
various classes, but no right of selection in those classes:
Roger's Est., 218 Pa. 431.

*Francis S. Brown,* with him *Murray Hurst Spahr, Jr.,
Ira Jewell Williams, H. Gordon McCouch* and *M. Hamp-
ton Todd,* for appellees.—The doctrine of illusory ap-
pointments has never obtained in Pennsylvania: Graeff
v. DeTurk, 44 Pa. 527; Lloyd v. Fretz, 235 Pa. 538.

An accumulation in the nature of the withholding of
income temporarily in the prudent administration of the
trust estate is valid: Eberle's App., 110 Pa. 95; Howell's
Est., 180 Pa. 515.

OPINION BY MR. JUSTICE MAXEY, March 27, 1933:

This is an appeal of Clarence C. Sinnott from the dis-
missal of his exceptions to a schedule of distribution filed
by trustees under the will of Joseph F. Sinnott who died

testate on June 20, 1906. The adjudication of the second account of the trustees showed a balance of principal of $1,500,000 and a balance of income, since the filing of the first account, of over $900,000. By his will testator gave to his wife one-third of his personal estate absolutely, and one-third of the rents and profits from real estate for life, with other provisions for her benefit. After giving annuities and general legacies he gave the residue of his estate to his executors in trust, with particular provisions with respect to the shares of two of his children during the lifetime of his wife. The latter died December 25, 1918. The will provided that after his wife's death the entire net income of his estate should be divided into sixths parts. Four of these equal sixths parts were given respectively to two daughters, Mary and Annie, and to two sons, Clinton and John. The will contained some special provisions as to the other two equal sixths parts, and with respect to the share in which the appellant, Clarence C. Sinnott, testator's son, is interested, the will provided in paragraph *seventh* as follows: "And as to the remaining one full equal one-sixth part of the income of my estate to pay therefrom to my son Clarence C. Sinnott the sum of three thousand dollars a year for the term of his life and the balance of said one-sixth part of the income of my estate until the period of the distribution of the principal of my estate to pay to said Clarence C. Sinnott if in the sole discretion of my executors and trustees they shall deem it proper so to do or in their sole discretion to pay said balance of income to the wife of said Clarence C. Sinnott should he marry or for the support, education and maintenance of the wife and children of the said Clarence C. Sinnott should he marry or in the sole discretion of my said executors and trustees after paying the said sum of three thousand dollars a year to said Clarence C. Sinnott for life to pay and divide the balance of said one-sixth part of the income of my estate to and among my remaining children and the issue of deceased children said executors and

trustees exercising said discretion at the time of monthly payments as herein set forth for the payment of income it being my intention that under no circumstances of construction of my will shall any accumulation of income take place but that the whole of the income arising from my estate shall be distributed among those entitled thereto under the terms of this my will all of said payments of income of my estate to be made until the death of my last remaining child the issue of any deceased child taking the parents share of income in the meantime and upon the death of any child or children without leaving issue such child's share of income to go equally among my surviving children and the issue of any deceased child, the issue of any deceased child taking the parents share."

The appellant survived his father. On September 26, 1911, he married and there were two children of that marriage: James, born September 1, 1912, and Catharine, born March 14, 1914. For some time prior to her death, the first wife of appellant together with her children lived separate and apart from appellant. This wife died August 28, 1930. Nine days later appellant again married and has since lived with his second wife. They have no children.

The schedule of distribution which is excepted to shows that payments were made of the net income specified in the above excerpt from the will, to the children but that no payments of it were made to his present wife. For example, on March 29, 1930, $770.70 was paid to the guardian of the estates of James and Catharine Sinnott, for a Ford roadster; on December 2, 1930, there was made a cash payment of $600; on January 2, 1931, another similar cash payment of $600. There also were other direct payments to both minor children of appellant after the death of their mother and after the marriage of appellant to his present wife.

Appellant contends that the trustees, under the power of distribution given them, had no right to exclude the

appellant's present wife from the distribution of the income and therefore payment to the children after September 6, 1930 (the date of appellant's second marriage), should be stricken from the distribution.

It is clear from an examination of the excerpt from the testator's will above cited that testator gave his executors and trustees "sole discretion" to pay (after paying $3,000 a year to Clarence C. Sinnott for the term of his life) the balance of a sixth part of the income specified, first, to Clarence C. Sinnott if they deemed it proper to do so, *or,* second, to the wife of Clarence C. Sinnott if he should marry (as after his father's death he did) ; *or,* third, to the wife and children of Clarence C. Sinnott for their support, education and maintenance; *or,* fourth, "to and among my remaining children and the issue of deceased children."

The trustees, having selected the third alternative, exhausted their "sole discretion" to select a class of distributees of the income specified, and could exercise no further discretion in making selections among the persons constituting the chosen group. After the third alternative was adopted, that person answering the description of "wife of Clarence C. Sinnott" and those persons answering the description of "children of Clarence C. Sinnott" constituted the group for whose "support, education and maintenance" the executors and trustees were in duty bound to pay the specified income. We cannot agree with the learned auditing judge that the testator intended "to give the trustees the same absolute discretion that he could exercise himself were he alive. ...... He therefore sought in his will to put his trustees in his place after his death and conferred upon them an absolute discretion to distribute the overplus above $3,000 per annum among exceptant, his wife and children in such proportions as in their absolute discretion they should see fit, either dividing it among all in varying proportions or excluding one or all. ......" If the testator had intended to give the trustees power to ex-

clude "one or all" from alternative three, the testator could and would have plainly said so. The trustees' discretion ended in the selection of the wife *and* children as distributees. This court said in Rogers's Est., 218 Pa. 431, 433, 67 A. 762: "The donee of a power is simply a trustee for the donor to carry into effect the authority conferred by the power. In exercising the power, he must observe strictly its provisions and limitations. The estate appointed is that of the donor and not of the donee, and in making the appointment the intention of the donor and not that of the donee must prevail. In case of a restricted power, the donee's discretion in exercising the power is defined by the will, and the limit there placed upon it must be observed."

"A power of appointment is nonexclusive when no right of selection among the objects or of exclusion of any of them is given to the donee. So, under a power containing no words of exclusion, the property must be so distributed, if the power is exercised, that all the objects shall have some portion of it, and the exclusion of any member of the designated class in making the appointments invalidates the attempted exercise of the power. Unless an intention is shown in the instrument creating a nonexclusive power of appointment that the appointees shall take equally, however, the donee may appoint such shares as he thinks fit, subject to the rules relating to illusory appointments": 49 C. J. 1265, section 52.

Though we hold that Clarence C. Sinnott's wife cannot be excluded from the distribution made by the trustees under the third alternative selected by them, they are not obligated to pay her a share equal to the others. In Pennsylvania the doctrine of illusory appointments has never been recognized, and therefore, an unsubstantial or illusory appointment is not invalid. As early as 1863 in the case of Graeff v. DeTurk, 44 Pa. 527, it was decided that the English Equity Rule that where there is a power of appointment among several distributees,

each should have a beneficial interest in the fund fairly proportioned to the amount for distribution and that the appointment of a nominal share to a beneficiary is illusory and void, has never been adopted in Pennsylvania. See also Lloyd v. Fretz, 235 Pa. 538, 84 A. 450.

The first five assignments of error, all of which relate to the payments, under the third alternative, to the children while excluding appellant's wife, are sustained.

The sixth assignment of error relates to the alleged error of the court in dismissing the appellant's seventh exception to the schedule of distribution. In this schedule it appears that the trustees are holding a cash balance of $16,844.62.

Appellant contends that this accumulation of income must be distributed immediately and that the will both provides for the monthly distribution of all net income and forbids "any accumulation of income."

This court has recognized the rights of trustees to hold temporarily, without violating any statutory or testamentary direction against accumulations, a certain amount of the surplus income in aid of the judicious management of a trust and to provide for future contingencies. The court will permit such withholding for such contingencies *within reasonable limits:* Howell's Est., 180 Pa. 515, 37 A. 181.

This court, however, has prohibited accumulations merely "to swell the already large accumulated balance" in the hands of trustees: Eberly's App., 110 Pa. 95, 1 A. 330.

In view of the size of this estate, the income therefrom, and the economic situation as it has existed for the past three years, we do not now look upon the accumulation of income complained of by the appellant as an unreasonable exercise of their power. If they later manifest an intention to maintain permanent accumulations of income beyond the apparent necessities of the situation, the charge of an abuse of discretion may prove to be well founded. The sixth assignment of error is overruled

470

without prejudice to the right of appellant to raise a similar question regarding the accumulation of income in the future should the trustees permit that accrual to exceed an amount reasonably required by good faith and sound judgment in the administration of the trust.

The decree is reversed with a procedendo.

Mr. Justice SIMPSON dissented.