## Taite's Estate

*Harry J. Alker, Jr.,* for accountants.

*Desmond J. McTighe* of *Fox & McTighe,* for contingent legatee.

HOLLAND, P. J., January 15, 1943.—By her will testatrix provided as follows:

"Second. I give, devise and bequeath unto my Executors and Trustees hereinafter named, their heirs and successors, all the rest, residue and remainder of my Estate, real and personal, whatsoever and wheresoever, In Trust to collect the rents, interest, income and profits thereof and to pay over the same, in equal shares, unto my three children Frank Griffiths Taite, Joseph Gould Taite and Rhoda Hopkins Taite for and during all the terms of their natural lives. Such rents, interest, income and profits in no event to be in any way liable

for the debts, liabilities, contracts or engagements of either of my said children but in all cases to be paid to them in cash. *And in the case of my son Joseph Gould Taite, who is at present an invalid, should he at the time of my death continue to be incapable of taking charge of his financial affairs, it is my will that my Trustees shall take care of his share of the income of my Estate and apply the same to his maintenance, support and comfort until his recovery or his decease, and in case his share of the income of my estate shall be in excess of the amount needed for his maintenance, support and comfort, then it is my will that my Trustees shall retain said excess and invest the same as in their judgment may seem wise, with the same discretion as to investments as is hereafter given to my said trustees in this will, until the recovery of my said son from his present illness, or his decease.* (Italics supplied.)

"Should any of my said children die without issue surviving, I give, devise and bequeath his or her share of my estate of which he or she had received the income, to such of my said children as shall then be surviving for and during the terms of their natural lives, and to the issue of such of my children as may then be dead, such issue of such deceased child, however, to take absolutely the share or portion of my Estate which their parents would take, for and during the terms of their natural lives under this clause of my Will, had they been living. The income payable to my surviving child or children by this clause of my Will shall in no event be in any way liable for the debts, liabilities, contracts or engagements of said surviving child or children, but in all cases to be paid to them in cash.

"Upon the death of any of my said children leaving issue surviving I give, devise and bequeath unto such issue absolutely, that portion or share of my estate of which my said deceased child had received the income for life in the proportions in which it would be distributed to such issue under the Intestate Laws of the Com-

monwealth of Pennsylvania. And in all cases where minors shall inherit absolutely any share or portion of my Estate as above provided, I constitute and appoint my Executors and Trustees or their successor or successors Guardian and Trustee of their estate until they respectively arrive at the age of twenty-one years. It is my will that my last surviving child shall have the right and power to will and dispose of the principal of my Estate of which he or she shall have been receiving the income."

The three children of testatrix survived her, are still living, and are of full age, and the trust of the residue for them is operative. An account of said trust for said three children has been filed to no. 116 of the present audit list, and the adjudication thereupon has been filed this date.

Joseph Gould Taite is of impaired mentality, and has been so since before the death of his mother, the testatrix. He is incapable of handling his financial affairs and is a patient in a hospital for nervous and mental diseases, although he has not been judicially determined to be a person of unsound mind and he has no guardian or committee of his estate. He is unmarried and has no issue. His sister, Rhoda Hopkins Taite, and his brother, Frank Griffiths Taite, are also unmarried and have no issue.

The account now before the court is of excess income which accrued in the hands of the trustees. The balance shown as principal is really excess income which has not been required for the maintenance, support, or comfort of the said Joseph Gould Taite and has been accumulated and invested by the trustees under the provisions of the will which we have italicized above. Such balance of accumulated income shown as principal in the supplemental account amounts to $39,930.54, and a balance of income of $174.03 as shown by said supplemental account is such excess income which has not been invested.

Three questions are submitted for our consideration in this and a similar account of accumulated income for Joseph Gould Taite filed to no. 115 of the present audit list in the Estate of Frank G. Taite, deceased (the husband of this testatrix and father of Joseph Gould Taite and of Rhoda Hopkins Taite and Frank Griffiths Taite).

The first question is whether the retention by the trustees of all income in the trusts for Joseph Gould Taite is proper; second, whether the accumulation of income by the trustees for Joseph Gould Taite is proper; and, third, whether the trustees are restricted to investments in legal securities.

Joseph Gould Taite, the beneficiary of this trust, has been maintained entirely out of his one-third share of the income from a trust under the will of his father, Frank G. Taite, who died in 1915, and that income has been more than sufficient for the purpose and a balance of accumulated income invested and separately accounted for in that estate amounts to nearly $15,000. These accountants are also the trustees of that estate.

Taking as a representative period the approximate 18 months, from November 1940 to May 1942, covered by the supplemental accounts of the accumulated income in this estate and the estate of the said Frank G. Taite, deceased, the accumulations of income were as follows: received from this estate $4,918.92, disbursed for administration expenses $933.04, distributed for support of Joseph Gould Taite $0.00, balance on hand $3,985.88; received from estate of Frank G. Taite, deceased, $4,944.60, disbursed for administration expenses $77.15, distributed for support of Joseph Gould Taite $4,815.20, balance on hand $52.25, so that, during the period, there has been a surplus of income available for Joseph's maintenance of $4,038.13. Approximately three thousand dollars a year has been required for the maintenance, support, and comfort of Joseph during this representative period.

In addition to the undistributed balance of accumulated income, the balances of income shown by the two accounts of the general trusts in this estate and the estate of Frank G. Taite, deceased, for the three children, are as follows: from this estate $769.94, from the estate of Frank G. Taite, deceased, $175.81, of which Joseph Gould Taite is entitled to a one-third share.

The courts of this State have recognized the right of trustees to hold temporarily a certain amount of the surplus income in aid of the judicious management of a trust and to provide for future contingencies, *within reasonable limits*: Sinnott's Estate, 310 Pa. 463 (1933); but the fund before us does not fall within that category. It is a fund which the trustees have earmarked as having been invested and accumulated or set aside because it was not required. The will imposes upon the trustees no duty to pay such accumulated income to the beneficiary or to expend it for his maintenance, support, and comfort. The trustees are directed by the will only to invest the surplus income during the term of Joseph's incapacity or until his death. This fund, however, is beyond the apparent necessities of the situation. The Supreme Court has always prohibited accumulations merely "to swell the already large accumulated balance": Eberly's Appeal, 110 Pa. 95 (1885).

We are of the opinion that the particular provision of the will under consideration is a violation of the provisions of section 9 of the Act of April 18, 1853, P. L. 503, 20 PS §3251, which prohibits accumulations of income unless the same be during the period of a minority or for other purposes not applicable here.

All of the income having been given absolutely to each of the children of testator in the first instance, these accumulations undoubtedly belong to Joseph Gould Taite as the person designated by the act who would have been entitled to receive them had the in-

valid provision for accumulation not been directed. Under the facts and circumstances of the case we can see no reason why the testamentary trustees should retain the accumulations. They are the individual estate of Joseph Gould Taite and should go to a guardian or committee of his estate to be duly appointed by the court of proper jurisdiction, and they are so awarded. . . .

And now, January 15, 1943, this adjudication is confirmed nisi.