**Bourne Estate**

592

*Frank J. Eustace, Jr.,* of *Gibbons, Eustace & Obert,* for trustee.
*Catherine R. Barone,* for Commonwealth.

SILVERSTEIN, *J.,* February 11, 1974 — This matter comes before the court on exceptions filed by the Commonwealth to the opinion and decree of Shoyer, *J.,* sur appeal from the inheritance tax assessment. The issue raised thereby is the applicability of the statutory exemptions to transfers of property to charities from the imposition of a transfer inheritance tax, Act of May 28, 1956, P.L. 1757 (effective June 1, 1957), pursuant to a limited testamentary power of appointment (as distinguished from a general power of appointment) created before, but exercised after the effective date of the said statute.

Martin R. Bourne, who died April 2, 1947, by his will gave his residuary estate to his trustee, to pay income therefrom and principal thereof as she might request, in an aggregated amount of $100,000 for the support and maintenance of his wife, Bessie Hazen Bourne, for life, and then to his daughter for life, and on the death of the survivor (if his wife be the last survivor) to pay over the principal to "any one or more of her descendants, including her adopted descendants, or to one or more of donees of the class described in Section 812(d) of the Internal Revenue Code, in such shares and portions and either absolutely or upon any trust or limitation . . ." and if his daughter be the last survivor, "to and among any one or more of her descendants, including her adopted descendants, or to one or more donees of the class described in Section 812(d) of the Internal Revenue Code, in such shares and portions, and either absolutely or upon any trust or

limitation . . ." as his wife or daughter may by last will and testament appoint, and further, "nor shall any person or corporation of the class above described have any vested right in or to such appointment . . ."

He further provided that in default of the exercise thereof and of failure of surviving issue of his daughter, then the trust property goes to the Salvation Army.

The testator's daughter died in 1958 without issue. His wife died January 29, 1967 without issue.

Testator's wife by her will expressly exercised her power of appointment and appointed the residue, one-half to the Salvation Army, one-fourth to the trustees of the University of Pennsylvania and one-fourth to such institutions for the care, treatment and aid of needy and retarded children designated by her attorney (who in turn designated St. Katherine's Home, Overbrook, Pa.). Upon the distribution of the one-fourth share passing to the University of Pennsylvania, an inheritance tax was paid thereon. Thereafter, the Commonwealth sought to impose inheritance tax on the remaining balance of principal from which assessment the trustees appealed. By a decree dated August 16, 1973, the hearing judge sustained the appeal and set aside the assessment. The matter comes before the court on exceptions filed by the Commonwealth.

The hearing judge concluded that the Commonwealth's distinction between a general power and a special power of appointment "was without merit insofar as the applicability of the exemption statute is concerned." We concur.

All agree that a general testamentary power of appointment created before but exercised after the

date of the charitable exemption statute, in favor of charities, is exempt from collateral transfer inheritance tax under the Act of May 28, 1956, P.L. 1757 (1955), as amended, by virtue of the decision in Moore Estate, 445 Pa. 17 (1971).

The charitable exemption statute, the Act of 1956, P.L. 1757, effective June 1, 1957, broadened by the Act of July 11, 1957, P.L. 821, 72 PS §2301.1, provides that "no transfer inheritance tax shall be imposed upon the transfer of any property, real or personal, or of any vested or future interest therein . . . in trust or otherwise . . ." to charitable organizations. Contrasted with this, the Act of 1919 imposed a tax on the "transfer to" certain beneficiaries, including charitable organizations.

In Moore Estate, supra, the facts are substantially similar to those of the instant case, except that there the donee exercised a general power of appointment in favor of charities whereas the present case involved a limited power. There the lower court had found in favor of the Commonwealth and on appeal an equally divided court affirmed that decision. However, on reargument the court found in favor of the estate and reversed, giving as a reason therefor that the clear public policy of the Commonwealth was to increase and foster charitable giving.[1] The court found, in addition, that the

---

1. Mr. Justice Roberts, in Moore Estate (at page 407, no. 2), quotes Baum Estate, 418 Pa. 404 (1965): "[A]t this stage of society's dedication to human welfare, we need not pause to recall the Commonwealth's strong, consistent and very broad policy of assistance to charities and its long manifested encouragement to its citizens and businesses to make charitable contributions. It is difficult to conceive of a Commonwealth public policy that is more fundamental or more meaningful than its frequently restated policy of encouragement to charities and charitable giving in the public interest."

statutory exemptions applied to "transfers . . . to," and when the donee exercised the general power of appointment subsequent to the enactment of the exemption statute the "transfer . . . to" took place at that time.

In this case, the Commonwealth seeks to make a distinction between a general power and a limited power of appointment. There is no question that insofar as the latter is concerned the donee was circumscribed in her choice of appointees. The Commonwealth's position is that where there is a limited power of appointment the donee is merely a trustee or agent of the donor with nothing to do but select the beneficiary: Horwitz v. Norris, 49 Pa. 213 (1865); Rogers' Estate, 218 Pa. 431 (1907).

This court is mindful of the problems that might arise to confront the Commonwealth in future cases where, for instance the donee appoints a share to an individual as well as a share to a charitable organization. If the "transfer to" is effective as of the time of the exercise of the power, a tax would be imposed on the individual at the current inheritance tax rate while under the rule of Moore, supra, the charity would be exempt. But we are without authority to deviate from the rule of Moore Estate. That court rejected the common law doctrine of relation back, it drew a distinction between legislative acts dealing with tax rates and tax exemptions and, finally, the court found that the clear public policy was to encourage charitable gifts.

We find, therefore, that there is no distinction between a general and special power of appointment with respect to the law on exemption from tax upon charities, and that the transfer to the four charitable organizations took place at the exercise

of the limited power of appointment. Moore Estate, supra.

We are, therefore, in accord with the conclusions of the learned hearing judge.

Accordingly, the exceptions are dismissed.