344 A.2d 469

In re ESTATE of Martin Luther KOHLER, Deceased,
Sur Trust for Else K. Campbell.

**Appeal of Katherine LONG et al.**

Supreme Court of Pennsylvania.

Argued April 10, 1975.

Decided Oct. 3, 1975.

William Goldstein, Goldstein & Goldstein, Philadelphia, for appellants.

William Carson Bodine, Paul Maloney, Philadelphia, for appellee, The Fidelity Bank, trustee under the Will of Martin Luther Kohler, Dec'd. Pepper, Hamilton & Scheetz, Philadelphia, of counsel.

Thomas J. Timoney, Curtis Wright, Ambler, for Thomas R. Miller, Jr., Scott C. Miller and Edwin L. Miller, appellees; Timoney, Knox, Avrigian & Hasson, Ambler, of counsel.

Donald E. Hogeland, Philadelphia, for Elizabeth Hansell and James D. Campbell, appellees.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

This is an appeal from a final decree entered by the Orphans' Court Division of the Court of Common Pleas of Montgomery County sustaining preliminary objections to a petition to reopen an adjudication.

The facts are not in dispute.

Martin Luther Kohler died August 20, 1916, leaving a will which created a trust. According to the terms of the will, income from the trust was to be paid to his two surviving daughters, Ruth K. Bates and Else K. Campbell, during their respective lifetimes. The will provided further:

"Upon the death of either of my said daughters then I direct the share of such daughter to be paid to her issue per stirpes as such issue shall arrive at the age of twenty-five years, or that the same be paid to such issue in such manner and in such sums as my said daughters shall by their respective wills direct."

Else K. Campbell died testate. Her will directed that the balance of the residue of her estate, including the power of appointment granted to her by the will of her father, Martin Luther Kohler, was to be divided into four equal shares. One share was bequeathed "to my son, Robert F. Campbell, if he survives me. Should my said son, Robert F. Campbell, predecease me, then his share shall fall into my residuary estate and shall thus increase the shares of the other residuary legatees."

Robert F. Campbell predeceased his mother, Else K. Campbell.

The Fidelity Bank, trustee of the Kohler trust, filed a final account and a petition for adjudication following the death of Else K. Campbell. No notice was given to the children of Robert F. Campbell, and the distribution suggested by the Fidelity Bank made no award to them. On December 6, 1973, the Orphans' Court Division of the Court of Common Pleas of Montgomery County rendered an adjudication confirming the account of, and approving the distribution proposed by the Fidelity Bank.

The children of Robert F. Campbell filed a petition to reopen the adjudication naming as respondents the Fidelity Bank, and the six beneficiaries among whom distribution was awarded by the adjudication. Preliminary objections were filed by the Fidelity Bank. Dismissal of the petition was sought on the ground that the children of Robert F. Campbell lacked standing to file the petition since they are not parties in interest in the trust. The court sustained Fidelity's preliminary objections. The children of Robert F. Campbell then filed this appeal.[1]

The issue presented on this appeal is whether the will of Martin Luther Kohler created an *exclusive* power of appointment in Else K. Campbell or, more specifically, did the will give Else K. Campbell the power to exclude her son's issue from participation in the trust. The appellants contend it did not and maintain that there is nothing in the will of Martin Luther Kohler giving Else K. Campbell "the right to distribute her share of the estate to 'such of her issue' as she might by will appoint".

 Initially, we observe that no technical form of words is required to create a power of appointment. *Keffalas Estate,* 426 Pa. 432, 233 A.2d 248 (1967); see also *McKallip's Estate,* 324 Pa. 438, 188 A. 343 (1936). As long as the intention to create a power of appointment is plain, that intention should be given effect.

1. Jurisdiction lies in this Court by virtue of the Act of July 31, 1970, P.L. 673, No. 223, Art. II, Section 202, 17 P.S. § 211.202.

■ In support of their position that no power of appointment was created by the Kohler will, appellants urge that a gift in default of appointment, although not a sine qua non to a valid power of appointment, is generally included in wills drafted with the aid of counsel, such as the instant one. The answer to this contention, as the court below correctly concluded, is that the testator, although not expressly referring to a gift in default of appointment as such, did effectively provide for disposition of the unappointed share of his estate. In the event no appointment was made the unappointed share was to be paid to each daughter's issue per stirpes as such issue reached the age of twenty-five.

■ Secondly, the appellants argue that the language of the Kohler will, properly interpreted, provides for a gift to Else K. Campbell's issue per stirpes with power in her merely to vary the time and method of distribution. This argument is premised solely upon an interpretation of the words "such issue". Even if we were to accept this interpretation, however, the phrase "in such manner and such sums" gives Else K. Campbell more than the discretion to vary the time and method of payment. As defined by the Restatement, "[A] power of appointment, . . . is a power created or reserved by a person (the donor) having property subject to his disposition enabling the donee of the power to designate, within such limits as the donor may prescribe, the transferees of the property *or the shares in which it shall be received."* [Emphasis supplied.] Restatement, Property· § 318 (1944). It is clear to us that Else K. Campbell was granted a power of appointment, since she was given the discretion to determine the shares in which the property of the Kohler trust were to be received.

■■ The instant argument advanced by appellants is better directed, we feel, to the issue of whether the power was exclusive, i. e., whether Else K. Campbell had

the right to favor some of her issue to the exclusion of others under the terms of the Kohler will.

Specifically, appellants contend that the term "such issue" in the clause "or that the same be paid to such issue" has as its antecedent the phrase "issue per stirpes" as used previously in the clause "I direct the share of such daughter to be paid to her issue per stirpes". From this it follows, they assert, that the testator did not intend that either daughter have the power to exclude any of their respective issue from a distributive share of the trust.

Appellants would have us read the disputed language as presenting the following alternatives:

"Upon the death of either of my said daughters, then I direct the share of such daughter to be paid to her issue per stirpes [1] as such issue shall arrive at the age of twenty-five years, or [2] that the same be paid to such issue in such manner and in such sums as my said daughters shall by their respective wills direct."

Such an interpretation, we believe, would render superfluous the words "that the same be paid to such issue". If the power in the daughters to vary the time *for distribution* of the shares of payment were intended merely as an alternative to distribution at the age of twenty-five, there would be no apparent reason to have repeated the words "or the same be paid to such issue".

Given the structure of the language actually used, we feel a much more natural interpretation is the following:

"Upon the death of either of my said daughters then I direct [1] the share of such daughter to be paid to her issue per stirpes as such issue shall arrive at the age of twenty-five years, or [2] that the same be paid to such issue in such manner and such sums as my said daughters shall by their respective wills direct."

With this interpretation no words are superfluous, and the alternatives expressed as noun clauses with identical

subjects are in parallel construction. Since wills are to be construed so as to give effect to every word employed by the testator, see *Benedum Estate*, 427 Pa. 408, 235 A. 2d 129 (1967); and *Keffalas Estate*, supra, we deem the latter interpretation preferable.

In addition, appellants' interpretation would have us interpret the term "such issue" to mean "said issue". However, the fact that the testator in the introductory phrases of the contested sentence used the adjective "said" to refer back to his previously mentioned daughters indicates that if he did, in fact, intend to have the term "such issue" refer to an antecedent, he would more likely have used the term "said issue".

In view of the interpretation we adopt, there can be little doubt that the testator intended the power of appointment to be exclusive. A power to appoint to "such" of the class as the donee may select was long ago held to be an exclusive power, permitting the donee to select one or more of the class, to the exclusion of others. Cf. *Pepper's Appeal*, 120 Pa. 235, 13 A. 929 (1888);[2] *Lewis's Estate*, 269 Pa. 379, 112 A. 454 (1921).[3]

The appellants argue, nevertheless, that if a power of appointment is intended to be exclusive, it is necessary that the class of possible appointees be introduced by the words "such of". However, an illustration from the Restatement of Property serves to demonstrate the weak-

---

[2] Therein the language determined to have created an exclusive power of appointment was:
 " 'And from and after his death, then to the use of such of his children and issue, and in such shares and for such estates, as he shall by last will appoint and in default of such appointment . . . . .' "

[3] Therein an exclusive power of appointment was held to have been intended by the following:
 " 'To such person or persons, being my lineal descendants, as my said deceased daughter may have appointed by her will, in such shares and amounts as she may choose and direct by such will.' "

ness of this contention. Illustration 1 of Section 360 states:

"A by will transfers a fund in trust to pay the income to B for life and then to pay the principal to the children of B as B shall by will appoint and in default of appointment to the children of B equally. B has an exclusive power."

In addition, we have already observed that no particular words are necessary to create a power of appointment.

Decree affirmed. Each side to pay own costs.

JONES, C. J., did not participate in the consideration or decision of this case.

ROBERTS, J., filed a dissenting opinion in which MANDERINO, J., joins.

ROBERTS, Justice (dissenting).

I dissent. In my view the language of the will creating the testamentary trust here was intended only to empower the first life tenants to alter the timing and manner of distribution to their issue and not to confer the power entirely to exclude some of their issue from the class of beneficiaries. I would, therefore, vacate the decree and remand for the entry of a decree permitting distribution to appellants herein.

MANDERINO, J., joins in this dissent.