379 A.2d 570

ESTATE of Philip F. duPONT, Deceased.

**Appeal of William R. SHORE, Harry T. Devine, and Girard Trust Bank, Trustees Under the Will of Frances duPont Rust in Exercise of Her Power of Appointment Under the Will of Philip F. duPont for the Benefit of Carroll Morgan Carpenter and Her Issue.**

Supreme Court of Pennsylvania.

Argued Jan. 10, 1977.

Decided Oct. 28, 1977.

Rehearing Denied Nov. 30, 1977.

50

Robert M. Landis, Philadelphia, for appellant.

H. Ober Hess, Philadelphia, for appellee, Carroll M. Carpenter.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.


OPINION OF THE COURT

ROBERTS, Justice.

Philip F. duPont died testate in 1928, leaving one-third of the residue of his estate to the Fidelity-Philadelphia Trust Company in trust for the benefit of his daughter, Mrs. Frances duPont Rust. In his will, Mr. duPont created in Mrs. Rust a special testamentary power of appointment over the one-third share of the residue. The will provides that Fidelity-Philadelphia is

"upon her death to transfer, assign, and pay over the principal of her share of [Mr. duPont's] residuary estate unto *such of her children and issue of deceased children,* and in such proportions as she may by her Last Will and Testament or any writing in the nature thereof direct, limit and appoint" (emphasis added).

Mrs. Rust died in 1975. In her will, Mrs. Rust appointed a part of this share to appellants William Shore, Harry Devine, and Girard Trust Bank in trust for the benefit of her surviving daughter Carroll (Mr. duPont's granddaughter) for life and then for the benefit of the issue of Carroll (Mr. duPont's great grandchildren). Mrs. Rust gave appellants the discretion to make periodic payments from principal to Carroll's issue.

Upon Mrs. Rust's death, Fidelity-Philadelphia filed an account in the Orphans' Court Division of the Court of Common Pleas of Chester County. The auditing judge reviewed the objection to Mrs. Rust's exercise of her special power of appointment and concluded that Mrs. Rust exceeded the bounds of her special power by appointing part of the residue for the benefit of the issue of Mrs. Rust's surviving daughter Carroll. Objections to the adjudication of the auditing judge were dismissed by the orphans' court. In this

appeal,* appellants contend that Mr. duPont authorized Mrs. Rust to appoint to Carroll's issue while Carroll is still living. We do not agree. We agree with the holding of the orphans' court that Mrs. Rust exceeded her special power and therefore affirm.

The orphans' court interpreted "children and issue of deceased children" to include those persons who are either living "children" of Mrs. Rust or "issue of deceased children" of Mrs. Rust at the time of her death. The court concluded that the potential beneficiaries of the special power are confined to those persons within the precise class defined in Mr. duPont's will, and that Mrs. Rust could not alter or expand that group. Hence, the court held invalid the appointment in trust for the benefit of the issue of Mrs. Rust's surviving daughter Carroll because Carroll's issue were not "issue of deceased children" of Mrs. Rust at Mrs. Rust's death.

■ "The donee of a power is simply a trustee for the donor to carry into effect the authority conferred by the power. In exercising the power, he must observe strictly its provisions and limitations." *Rogers' Estate,* 218 Pa. 431, 433, 67 A. 762, 762 (1907); *Schede Estate,* 426 Pa. 93, 231 A.2d 135 (1967). For her exercise of the special power to be effective, Mrs. Rust had to exercise that power within the limits of her authority. *Schede Estate,* supra; Restatement of Property § 351 (1940); V American Law of Property § 23.52 (Casner ed. 1952).

■ To validate Mrs. Rust's appointment to Mr. duPont's great grandchildren while their mother Carroll is still living would be to ignore the express language of Mr. duPont's will. Mr. duPont's testamentary plan is explicit: the language "children and issue of deceased children" gives Mrs. Rust the power to benefit her living "children" (Mr. duPont's grandchildren). This language provides in the alternative that if any of those children predecease Mrs. Rust,

---

* We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P.S. § 211.202(3) (Supp.1977).

and if those deceased children are survived by issue, those "issue of deceased children" (Mr. duPont's great grandchildren) should be eligible beneficiaries. Such a scheme is a reasonable method of avoiding the potentially harsh exclusion of the great grandchildren of Mr. duPont whose parent happened to predecease Mrs. Rust. By including "issue of deceased children" as permissible beneficiaries, Mr. duPont allowed Mrs. Rust to appoint to such issue in place of their parent who predeceased Mrs. Rust.

Mr. duPont, in granting Mrs. Rust the power, "upon her death," to benefit "[her] children and issue of [her] deceased children . . . in such proportions" as she should choose, decided that living children of Mrs. Rust are best qualified to see to the needs of their issue; only the issue of deceased children were to be provided for by Mrs. Rust directly. While Mr. duPont authorized Mrs. Rust to have the power to appoint "in such proportions" as she saw fit, he did not authorize the expansion or alteration of the class of permissible beneficiaries so as to encompass issue of living children. We find such an attempt to be in excess of the limits of Mrs. Rust's powers and therefore hold it invalid.

Mrs. Rust attempted to circumvent Mr. duPont's limitation to appoint only to "issue of *deceased* children" by delegating to appellants the authority to make appointments from principal to Carroll's issue after Carroll's death. Mrs. Rust authorized appellants to exercise at Carroll's death the discretion of Mr. duPont conferred exclusively upon Mrs. Rust to decide how the principal should be apportioned among members of the class of beneficiaries. However, Mr. duPont authorized Mrs. Rust to appoint "by her Last Will and Testament or any writing in the nature thereof." This language reflects an intent that Mrs. Rust exercise her appointment power at the time of her death. The testamentary nature of her special power is inconsistent with her attempt to postpone the choice of beneficiaries beyond the time of her death.

Appellants, at oral argument, contended that the decision of the orphans' court will burden Carroll's issue

with harsh tax consequences. That concern does not relieve a court from the duty of discerning the testator's intent as it is expressed in the will and the overall testamentary plan.

"As to the obviation of taxes, it is incontestable that almost every settlor and testator desires to minimize his tax burden to the greatest extent possible. However, courts cannot be placed in the position of estate planners, charged with the task of reinterpreting deeds of trust and testamentary dispositions so as to generate the most favorable possible tax consequences for the estate. Rather courts are obliged to construe the settlor's or testator's intent as evidenced by the language of the instrument itself, the overall scheme of distributions, and the surrounding circumstances."

*Estate of Benson,* 447 Pa. 62, 72, 285 A.2d 101, 106 (1971). Accord, *Hermann Trust,* 454 Pa. 292, 312 A.2d 16 (1973); *Pew Trust,* 452 Pa. 509, 307 A.2d 273 (1973).

Decree affirmed. Each party to pay own costs.

JONES, former C. J., did not participate in the consideration or decision of this case.

POMEROY and NIX, JJ., concur in the result.