J-A17027-15

2015 PA Super 190

| | |
|---|---|
| ESTATE OF: CARL K. ZUCKER, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: WENDY P. GLAVIN | No. 2727 EDA 2014 |

Appeal from the Order Entered August 15, 2014
In the Court of Common Pleas of Montgomery County
Orphans' Court at No(s): 46-2002-X2139

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

OPINION BY BENDER, P.J.E.:                     **FILED SEPTEMBER 09, 2015**

Wendy P. Glavin (Wendy), one of three children of Carl K. Zucker (Decedent) and Syma H. Zucker (Syma), appeals from the order entered on August 15, 2014, that granted a motion for judgment on the pleadings in favor of Scott R. Zucker (Scott) and Karyn I. Greco (Karyn), Wendy's siblings, to the exclusion of Wendy.[1]  After review, we affirm.

We begin by quoting the orphans' court's rendition of the facts and procedural history of this matter:

> The [D]ecedent, Carl Zucker, died on June 23, 2002, survived by his wife, Syma H. Zucker, a son [,] Scott R. Zucker, and two daughters, Karyn I. Greco and Wendy P. Glavin.  In Item SECOND A (3) of his will dated November 22, 1996, the [D]ecedent created a marital trust for Syma's benefit and provided, at her death:

---

[1] The August 15, 2014 order incorrectly identified the motion at issue as involving a request for summary judgment.  By order dated November 18, 2014, the orphans' court issued a correction to its August 15th order, deleting the phrase "motion for summary judgment" and inserting the phrase "motion for judgment on the pleadings."  **See** Order, 11/18/14.

(a) Unless my wife otherwise directs by specific reference in her Will to this section, my Trustees shall pay to her estate from principal included in her taxable estate an amount equal to any increase in Federal or state death taxes, including interest and penalties thereon, caused by inclusion of such principal in her taxable estate.

(b) By specific reference to this power in her Will, my wife may appoint all or any part of the principal not needed for the payment above, outright or in trust, **to or for any one or more of my issue** and also may appoint income from all or part of such principal to the spouse of any child of mine for life or any shorter period.

(c) Trustees shall distribute all remaining principal under the Paragraph immediately below.

([E]mphasis added.) The paragraph referenced in Item SECOND A (3)(c) provided for equal treatment for the [D]ecedent's three children. Syma died on September 6, 2013. She left a will dated July 24, 2003, and a codicil dated August 3, 2005. In Item THIRD of the codicil, Syma exercised the special testamentary power granted her by the [D]ecedent and appointed all of the principal in the marital trust to two separate and equal trusts, one for the benefit of Karyn and her issue, and the other for Scott and his issue.

On October 22, 2013, Scott, trustee of the marital trust under the [D]ecedent's will, filed a petition for declaratory judgment, seeking a determination that the remaining principal in the trust should be awarded to Scott and Karyn and to the exclusion of Wendy, in accordance with Syma's directives. On March 31, 2014, Wendy filed an answer with new matter to the petition for declaratory judgment. In the new matter, Wendy alleged that Syma's appointment was not a proper exercise of the power as it was done "in bad faith, based on hate and malice toward Wendy, contrary to [the Decedent's] intent to benefit his issue equally (absent a good faith reason to the contrary) and the duty imposed on Syma to act in good faith when exercising a testamentary power imposed by Pennsylvania law." (Answer to Pet. for Decl. Judgment ¶46.)

- 2 -

On March 31, 2014, Scott and Karyn filed a motion for judgment on the pleadings, denying that the holder of a power is required to exercise it in good faith. On April 30, 2014, Wendy filed a cross-motion for judgment on the pleading, contending that the power applied only to a limited portion of the principal. Counsel briefed the issues extensively and the Court heard argument on July 22, 2014. After careful consideration, we grant the motion filed by Scott and Karyn, and deny the cross motion filed by Wendy.

Orphans' Court Opinion (OCO), 8/15/14, at 1-2.

Wendy now appeals to this Court, and raises the following question for our review: "Did the Orphans' Court err in holding there is no duty of good faith when a person exercises a testamentary power of appointment despite Pennsylvania Supreme Court precedent that such a person acts as a trustee when exercising such power?" Wendy's brief at 3.[2]

Before addressing Wendy's arguments, we note that the following guides our review:

A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. Thus, in reviewing a trial court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court is based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. An appellate court must accept as true all well-pleaded facts of the party against whom the

_____

[2] As in other estate cases, Decedent, the individual that gave the power of appointment over the trust to Syma, is identified as the "donor" and Syma, the individual who is given the power, is identified as the "donee." Those individuals, here Scott and Karyn, in whose favor the power is exercised, are identified as "appointees."

motion is made, while considering against him only those facts which he specifically admits. Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only where the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Insurance Co. of Evanston v. Bowers*, 758 A.2d 213, 215 (Pa. Super. 2000) (quoting *Consulting Eng'rs, Inc. v. Insurance Co. of N. America*, 710 A.2d 82, 83-84 (Pa. Super. 1998) (citations and internal quotation marks omitted)).

Essentially, Wendy argues that a "donee of a testamentary power is a trustee," and "must owe the same duties imposed by law on trustees." Wendy's brief at 9. Wendy then claims that "trustees, such as donees of a power of testamentary appointment, must act in good faith." *Id.* To support this proposition, she relies on *Roger's Estate*, 67 A. 762 (Pa. 1907), which she quotes as follows:

The donee of a [testamentary] power is simply a trustee for the donor to carry into effect the authority conferred by the power. In exercising the power, he must observe strictly its provisions and limitations. The estate appointed is that of the donor and not of the donee, and in making the appointment the intention of the donor and not that of the donee must prevail.

Wendy's brief at 9 (quoting *Roger's Estate*, 67 A. at 762) (emphasis omitted). Wendy then identifies subsequently decided cases that utilize the same language found in *Roger's Estate*, and based on that language again

- 4 -

contends that it is logical that a donee of a testamentary power of appointment owes the same duty as a trustee, *i.e.*, they must act in good faith.[3]  Wendy further identifies case law that recognizes an implicit duty of good faith such as between franchisor/franchisee, insurer/insured, and parties to a contract.[4]  Additionally, Wendy discusses case law from other jurisdictions that recognize "a duty of good faith imposed on the donee of a testamentary power."  Wendy's brief at 10.[5]

Wendy also quotes language from **Noonan Estate**, 63 A.2d 80, 83 (Pa. 1949), where the court held that "[a]n executor is a fiduciary no less than is a trustee … and, as such, primarily owes a duty of loyalty to a beneficiary of his trust…."  Wendy's brief at 11.  Wendy again reiterates that a donee is a trustee and, therefore, owes a duty of good faith to all the appointees and should not act with "selfish personal hatred and malice."  **Id.** at 15.  She also contends that the orphans' court's reliance on **Lewis's Estate**, 112 A. 454 (Pa. 1921), and **Estate of Kohler**, 344 A.2d 469 (Pa.

---

[3] **See Estate of DuPont**, 376 A.2d 570, 571 (Pa. 1977); **Schede Estate**, 231 A.2d 135, 137 (Pa. 1967); **Sinnott's Estate**, 165 A. 244, 246 (Pa. 1933).

[4] **See Atlantic Richfield Co. v. Razumic**, 390 A.2d 736 (Pa. 1978); **Gedeon v. State Farm Mut. Auto. Ins. Co.**, 188 A.2d 320 (Pa. 1963); **Dep't. of Gen Servs. v. Pittsburgh Bldg. Co.**, 920 A.2d 973 (Pa. Cmwlth 2007).

[5] We do not list these cases, noting that this Court is not bound by the decisions from other jurisdictions.  **See Tagouma v. Investigative Consultant Servs.**, 4 A.3d 170, 175 n.3 (Pa. Super. 2010).

1975), are inapposite in that neither case dealt with allegations that the respective donee did not act in good faith. However, she overlooks the fact that the cases she relies on also do not deal with the issue of good faith in relation to a donee's duty to the potential appointees.

Scott and Karyn begin their response with reliance on **Estate of DuPont**, 379 A.2d 570, 571 (Pa. 1977), which directs that a donee must "exercise that power within the limits of her authority." They then quote the following language from **Lewis's Estate**:

> In determining whether a power of appointment is validly exercised, consideration must first be directed to the intention of the donor, as found in the instrument creating the power. The applicability of the rules of law, relating to the exercise of the power of appointment, is not to be measured solely by the particular class in which the power may be conveniently placed or wherein it may operate, but from a consideration of the intent and purpose for which the power was created, and whether its exercise expressly or impliedly violates the conditions laid down by the donor.

*Id.* at 454.

Scott and Karyn then discuss whether the language in Decedent's will created an exclusionary or non-exclusionary power in the donee. They and Wendy agree that the language in Decedent's will gave Syma an exclusionary power of appointment. **See** Scott/Karyn's brief at 11-12; Wendy's brief at 16. The parties also agree that under the authority given to Syma, she could exclude Wendy. **Id.** Scott and Karyn next discuss the limits on Syma's power of appointment, *i.e.*, that she must reference it in her will and "appoint the principal to or for any one or more of [Decedent's]

- 6 -

issue." *Id.* at 12. They claim that Syma complied and counter Wendy's argument, asserting that neither Pennsylvania statutes nor case law in any way suggest that a donee of a power of appointment owes any duty to the potential appointees.

Scott and Karyn cite the Probate, Estates and Fiduciaries (PEF) Code, 20 Pa.C.S. §§ 101-8815, and Pennsylvania's Uniform Trust Act (UTA), 20 Pa.C.S. §§ 7701-7799.3, providing definitions of pertinent words, such as fiduciary, personal representative, trustee and beneficiary. Specifically, they cite the definition of "beneficiary" in the UTA, which states as follows:

A person that:

(1) has a present or future beneficial interest in a trust, vested or contingent; or

(2) in a capacity other than that of trustee or protector, holds a power of appointment over trust property.

20 Pa.C.S. § 7703. Based upon this language, Scott and Karyn assert that "the holder of a power of appointment [is] a *beneficiary* of a trust, and not a trustee or other fiduciary." Scott/Karyn's brief at 15. We agree.

Relating to the facts presently before us, Syma is the beneficiary and was given the power of appointment over the marital trust, *i.e.*, she was not a trustee of that trust. We also note that Wendy's quote from *Roger's Estate*, that we set forth above, omits the following language: "In case of a restricted power, the donee's discretion in exercising the power is defined by the will, and the limit there placed upon it must be observed." *Roger's*

*Estate*, 67 A. at 762. Thus, we interpret the Supreme Court's decision in *Roger's Estate* as signifying that Syma, as the donee, was required to comply with Decedent's directives. She owed a duty to Decedent, not to any of the potential appointees.

Our review of *Roger's Estate*, and the cases that rely on that decision, does not in any way direct that Syma, the donee of the power of appointment, should be considered a trustee, owing fiduciary obligations, such as a duty of good faith, to Scott, Karyn or Wendy. Rather, Syma was required to exercise her power "within the limits of her authority[]" as directed by Decedent. *DuPont*, 379 A.2d at 571.

We have reviewed the language contained in Decedent's will and in the codicil to Syma's will in which she directed that the principal contained in the marital trust be divided into two trusts for the benefit of Scott and Karyn and their issue. We have also reviewed the case law provided by the parties and the orphans' court. We conclude that none of the cases, in which challenges to the exercise of the power of appointment were raised, direct that the appointments must be made in good faith. Rather, we state again that a donee's duty is to the donor and the donee must exercise that power within the donor's established conditions. Moreover, the donee has the right to select some of the potential appointees to the exclusion of others. *See Estate of Kohler*, 344 A.2d at 472. No duty of good faith has been established. Therefore, we conclude that the orphans' court's grant of Scott

and Karyn's motion for judgment on the pleadings was proper. The orphans'
court did not commit an error of law.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015