J-A08019-22

2022 PA Super 158

| | | |
|---|---|---|
| IN RE: TRUST UNDER DEED OF TRUST OF NELL G. JACK, SETTLOR DATED MAY 29, 1981 (NELL G. JACK TRUST) | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CHRISTINE J. TORETTI AND JAMES H. MCELWAIN | : : : | No. 415 WDA 2021 |

Appeal from the Order Entered March 2, 2021
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No.2720 of 2005

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

OPINION BY LAZARUS, J.:                    **FILED:  September 14, 2022**

Christine J. Toretti ("Christine") and James H. McElwain ("McElwain"), Trustees of the Trust Under Deed of Trust of Nell G. Jack, Settlor (collectively, "Trustees"), appeal from the order, entered in the Court of Common Pleas of Allegheny County, Orphans' Court Division, enjoining them[1] from (1) using assets of the Trust to pay legal fees and costs relating to the instant matter without leave of court and (2) exercising any Special Power of Appointment absent notice to Joseph J. Toretti ("Joseph") or, upon Joseph's objection, without leave of court.  Upon careful review, we vacate the order and remand for further proceedings.

---

[1] It is well-settled that an order concerning a preliminary injunction is appealable as of right pursuant to Pa.R.A.P. 311(a)(4) (permitting interlocutory appeal as of right from order granting injunctive relief).

The Orphans' Court has set forth the factual and procedural history of this matter as follows:

> This matter concerns a February 26, 2021 order entered by this court regarding the use [of] assets of [the Trust], which was established on May 29, 1981. [] The trust agreement had named three individual trustees: [Christine], Richard J. Kline and [] McElwain, as well as a corporate trustee, the Savings & Trust Company of Pennsylvania. [] Kline and [] McElwain were removed as individual trustees in 1985 and 1988[,] respectively. Purportedly[,] those removals were at the instigation of [Christine] and, for a time thereafter, [Christine] served as sole individual trustee.
>
> In 1990, PNC Bank replaced S&T Bank as the corporate trustee. In October 2001, [Christine] re-appointed [] McElwain as trustee. Th[e] return of [] McElwain as trustee is alleged to have occurred for the purpose of enabling a ten-million-dollar investment [that] had been urged by [Christine,] but resisted by PNC. That investment, the purchase of 582 shares of stock of S.W. Jack Drilling Company[,] would afford the trust a majority interest in the drilling company. The petition in this matter alleged that, upon encountering resistance from PNC regarding a proposed ten-[]million[-]dollar investment [that] PNC had regarded as impermissible self-dealing on the part of [Christine], [Christine] caused [] McElwain to be re-appointed as a trustee for the particular purpose of the two individual trustees, [Christine] and McElwain, [] overriding concerns expressed by PNC. The purchase of the stock was accomplished. At a later point, [Christine] and [] McElwain removed PNC as a corporate trustee and the terms of the trust were modified to eliminate the requirement that there be a corporate trustee. Presently, [Christine] and [] McElwain remain as the only trustees under the trust. Beneficiaries of the trust include Joseph [], who is the son of [Christine] and [] a grandson of the settlor, Nell G. Jack. Joseph has two siblings, Matthew and Maxwell, who are similarly beneficiaries of the trust.
>
> [In February 2018, Joseph filed a petition for citation for account directed to the Trustees. Ultimately, the Trustees filed an account, to which Joseph objected. In his objections, Joseph claimed: (1) the account failed to account for activities of the Trust from May 29, 1981 to March 29, 1990 and (2) the Trustees' actions were not taken in good faith or pursuant to the provisions of the Trust,

were not in the interest of the beneficiaries, and evidenced self-dealing in conflict with the interests of the beneficiaries. The Trustees each filed a response to Joseph's objections. To address discovery issues amongst the parties, the court appointed the Honorable Joseph Del Sole as special master on September 24, 2019. The court subsequently appointed Judge Del Sole to mediate the substantive disputes of the parties.

On September 2, 2020, Joseph filed a petition for immediate removal of the Trustees.] The petition averred that [Christine] and [] McElwain had administered the trust in a manner which, to the extreme detriment of the intended beneficiaries of the trust, consistently inured to the self-interests of the two trustees. By way of relief, the petition requested that, pending final resolution of issues [that] had been raised in the April 15, 2019 objections to the account, the following actions should be taken: [Christine] and [] McElwain be removed as trustees; [Christine] and [] McElwain be enjoined from using any trust assets for any purpose whatsoever, including the use trust assets to pay their legal fees in this litigation; [Christine] and [] McElwain reimburse the trust for any legal fees [that] have been paid on their behalf in this matter; [Christine] and [] McElwain be enjoined from exercising any power under the trust or purporting to exercise any special power of appointment otherwise provided under the trust; any prior exercise of such power of appointment by [Christine] and [] McElwain be deemed null and void; an interim successor trustee be appointed with the power to make distributions to beneficiaries at the same level as such distributions had historically been made before the initiation of these proceedings in 2018; the beneficiaries be reimbursed for the fees incurred in pursuing this matter; and [] any interim successor trustee be compensated in accordance with the terms of Section 3.13 of the trust.

[Christine] answered [] the petition, denying that any breach of fiduciary duties had occurred and denying, as well, that she had engaged in any self[-]dealing, placed her personal interests above those of the trust or its beneficiaries[,] or had otherwise caused any harm to the trust. McElwain later joined in that answer.

Following argument, the court entered [an order enjoining the Trustees from using Trust assets to pay legal fees or costs relating to the ongoing litigation with Joseph, absent leave of court. The court also enjoined the Trustees from exercising any Special Power of Appointment under the Trust, absent prior notice to

Joseph and, upon his objection, without prior leave of court. The court denied the remaining requests for relief.]

Orphans' Court Opinion, 7/21/21, at 2-5 (unnecessary capitalization omitted).

Trustees filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. They raise the following issues for our review:

1. Whether the [Orphans' Court] committed reversible error by granting[,] in part[,] Joseph['s] request for injunctive relief without holding a hearing, without making any finding of wrongdoing by the Trustees, and without making a determination that immediate and irreparable injury would be sustained before a hearing could be held?

2. Whether the [Orphans' Court] abused its discretion and committed reversible error by granting injunctive relief that restricts Christine['s] exercise of her nonfiduciary[] special power of appointment?

Brief of Appellants, at 5.

We begin by noting that appellate courts review the grant of a preliminary injunction for an abuse of discretion. *Duquesne Light Co. v. Longue Vue Club*, 63 A.3d 270, 275 (Pa. Super. 2013) (citation omitted). As our Supreme Court has emphasized:

The standard of review applicable to preliminary injunction matters . . . is "highly deferential." This "highly deferential" standard of review states that in reviewing the grant or denial of a preliminary injunction, an appellate court is directed to "examine the record to determine if there were any apparently reasonable grounds for the action of the court below."

*Id.*

Trustees first argue that the Orphans' Court erred by granting, in part, Joseph's request for injunctive relief without: (1) holding a hearing; (2)

- 4 -

making any finding of wrongdoing by the Trustees; and/or (3) making a determination that immediate and irreparable injury would be sustained before a full hearing could be held. Trustees assert that Joseph failed to establish the six essential prerequisites for a preliminary injunction under Pennsylvania law.

In addition, Trustees argue that the Orphans' Court erred in its application of sections 7766(c) and 7781(b) of the Probate, Estates, and Fiduciaries ("PEF") Code[2] as the basis for its injunction. These provisions grant Orphans' Courts the authority, pending a final decision on the removal of a trustee, to grant "any appropriate relief" to "remedy a breach of trust **that has occurred or may occur**." 20 Pa.C.S.A. § 7781(b) (emphasis added). Trustees argue that the highlighted language necessarily requires a court to make a finding—prior to granting "appropriate relief"—that a breach of trust has occurred or may occur. Trustees assert that such a factual finding is impossible without an evidentiary hearing. For the following reasons, we agree.

The PEF Code provides authority for the grant of injunctive relief pending a final decision on the removal of a trustee. Section 7766 of the PEF Code provides as follows:

> (c) Court remedies.--Pending a final decision on a request to remove a trustee, or in lieu of or in addition to removing a trustee, the court may order appropriate relief under section 7781(b) (relating to remedies for breach of trust - UTC 1001) as may be

---

[2] 20 Pa.C.S.A. §§ 101-8815.

necessary to protect the trust property or the interests of the beneficiaries.

20 Pa.C.S.A. § 7766(c). Section 7781(b), in turn, provides the court with the following remedies:

> (b) Remedies.--**To remedy a breach of trust that has occurred or may occur, the court may order any appropriate relief**, including the following:
>
> (1) Compelling the trustee to perform the trustee's duties.
>
> (2) Enjoining the trustee from committing a breach of trust.
>
> (3) Compelling the trustee to redress a breach of trust by paying money, restoring property or other means.
>
> (4) Ordering a trustee to file an account.
>
> (5) Taking any action authorized by Chapter 43 (relating to temporary fiduciaries).
>
> (6) (Reserved).
>
> (7) Removing the trustee as provided in section 7766 (relating to removal of trustee - UTC 706).
>
> (8) Reducing or denying compensation to the trustee.
>
> (9) Subject to section 7790.2 (relating to protection of person dealing with trustee - UTC 1012):
>
> > (i) voiding an act of the trustee;
> >
> > (ii) imposing a lien or a constructive trust on trust property; or
> >
> > (iii) tracing trust property wrongfully disposed of and recovering the property or its proceeds.

20 Pa.C.S.A. § 7781(b) (emphasis added).

The procedure for obtaining an injunction in the Orphans' Court is derived from the Pennsylvania Rules of Civil Procedure. *See* Pa.R.O.C.P. 7.4 ("Upon petition, the court may issue a preliminary, special, or permanent

injunction in accordance with the rules and procedures provided in Pa.R.C.P. [] 1531.").  Pursuant to Pa.R.C.P. 1531,

> A court shall issue a preliminary or special injunction only after written notice and hearing, unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice.  In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

Pa.R.C.P. 1531(a).  Accordingly, a court will ordinarily issue a preliminary injunction only after written notice and hearing.  *WPNT Inc. v. Secret Commc'n Inc.*, 661 A.2d 409, 410–11 (Pa. Super. 1995).  "A preliminary injunction may be granted without notice and a hearing only when there exists a need for unusual haste so that a clear right may be protected from immediate and irreparable injury."  *Id.* at 411 (citation omitted).  In that event, the court must make a finding that relief is necessary and must be awarded before the defendant can be notified.  *Id.*  If the court then fails to conduct a hearing within five days, the injunction is deemed dissolved.  *See* Pa.R.C.P. 1531(d).

To establish entitlement to injunctive relief, a party must show that:  (1) an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; (2) greater injury would result from refusing an injunction than from granting it, and, concomitantly,

- 7 -

that issuance of an injunction will not substantially harm other interested parties in the proceedings; (3) a preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; (4) the activity it seeks to restrain is actionable, that its right to relief is clear, and that the wrong is manifest, or, in other words, must show that it is likely to prevail on the merits; (5) the injunction it seeks is reasonably suited to abate the offending activity; and (6) a preliminary injunction will not adversely affect the public interest. *See Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003). For a preliminary injunction to issue, every one of these prerequisites must be established; if the petitioner fails to establish any one of them, there is no need to address the others. *Allegheny Cnty. v. Commonwealth*, 544 A.2d 1305, 1307 (Pa. 1988)

Here, Joseph filed his petition seeking a preliminary injunction on September 2, 2020. The court waited until February 26, 2021, before entering its order granting injunctive relief, and did so without either holding a hearing or making a finding that "immediate and irreparable injury w[ould] be sustained" if it failed to grant relief prior to convening a hearing.[3] *See* Pa.R.C.P. 1531(a). The court made no finding that "a breach of trust [] has occurred or may occur," as required under 20 Pa.C.S.A. § 7781(b), nor did it

---

[3] Indeed, the fact that the court waited more than five months to enter an order implicitly demonstrates that the court believed there was no risk of immediate and irreparable injury.

address the six prerequisites for a preliminary injunction. *See Summit Towne Ctr., Inc.*, *supra*. Accordingly, we are constrained to vacate the court's order granting injunctive relief and remand for a hearing.

Although we have concluded that the Orphans' Court erred, as a general matter, by granting injunctive relief without a hearing or a finding of irreparable harm, we deem it necessary to address Trustees' second assignment of error regarding the power of appointment. Specifically, Trustees assert that the Orphans' Court erred in granting injunctive relief restricting Christine's[4] exercise of her nonfiduciary special power of appointment because her authority under the power of appointment is separate and distinct from her duties as a fiduciary and no duty of good faith applies. We agree, and direct that, upon remand, the Orphans' Court may not enjoin Christine from exercising the power of appointment.

"A power of appointment is a power that enables the donee of the power to designate recipients of beneficial ownership interests in[,] or powers of appointment over[,] the appointive property." Restatement (Third) of Property (Wills & Don. Trans.) § 17.1 (2011); *accord* 20 Pa.C.S.A. § 7703, cmt. "In exercising the power, the donee must observe strictly its provisions and limitations." *Estate of duPont*, 379 A.2d 570, 571 (Pa. 1977), quoting *Rogers' Estate*, 67 A. 762, 762 (Pa. 1907). A donee's duty is to the donor

---

[4] The court's order also enjoined McElwain from exercising any power of appointment under the Trust. However, only Christine, in her individual capacity, holds a power of appointment.

and the donee must exercise the power within the donor's established conditions. *In re Estate of Zucker*, 122 A.3d 1112, 1117 (Pa. Super. 2015). The holder of a power of appointment is a beneficiary of a trust, and not a trustee or other fiduciary, and is not bound by a duty of good faith. *Id.* at 1116-17. Where the language of the document so provides, a donee may select some of the potential appointees to the exclusion of the others.[5] *Id.* at 1117. Put another way, in exercising a power of appointment, the donee is limited only by the terms of the document under which the power was granted.

Here, Article I, Section 2.2 of the Trust ("Special Power of Appointment") provides as follows:

> During the lifetime of Christine [] or upon her death, the Trustees shall distribute the Trust Estate to or for the benefit of such one or more of the issue of Christine [] as Christine [] may appoint by specific reference in a deed or in her will to this power; provided, however, that Christine [] shall have no authority hereunder to discharge any legal obligation she may have.

Irrevocable Trust of Nell G. Jack, 5/29/81, at Article I, § 2.2. By using the clause "such one or more," Settlor granted Christine an exclusionary power of appointment, allowing her to select, in her discretion, amongst the potential appointees. Her power is limited only by the prohibition against using the

_____

[5] An exclusionary power of appointment is one in which the donor has authorized the donee to appoint to any one or more of the permissible appointees, to the exclusion of the others. Restatement (Third) of Property (Wills & Don. Trans.) § 17.5 (2011). A power of appointment is exclusionary unless the terms of the power expressly provide that an appointment must benefit each permissible appointee or one or more designated permissible appointees. *Id.*

power of appointment to discharge a legal obligation.[6]  Because Christine holds an exclusionary power of appointment in her individual capacity and is not bound by duty of good faith in her exercise of that power, **see In re Estate of Zucker**, **supra**, the Orphans' Court erred by issuing an injunction limiting her exercise of the power based on allegations regarding her conduct as a fiduciary.

Order vacated.  Case remanded for further proceedings consistent with the dictates of this opinion.  Jurisdiction relinquished.

_____

[6] Joseph's argument that Christine is attempting, in contravention of the terms of the Trust, to discharge a legal obligation by threatening to "remove [him] as a beneficiary through the exercise of the [power] unless he drops the claims against her" is unavailing.  Brief of Appellee, at 65.  Joseph fails to identify any legal obligation Christine would discharge by exercising the power of appointment.  Rather, he baldly characterizes alleged threats made by Christine to exercise the power of appointment as the discharging of a legal obligation.  Similarly unavailing is Joseph's argument—unsupported by any reference to relevant authority—that "the Trust Agreement, at its core, is a contract, and every contract carries an inherent duty of good faith and fair dealing." **Id.** at 66. **See In re Steinsapir**, 572 A.2d 1270, 1274 (Pa. Super. 1990) (declining to apply doctrine of promissory estoppel in litigation involving trust because "[w]e are examining a trust, not a contract, and cannot give effect to an amendment which is invalid under the trust agreement by applying a principle of contract law").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/14/2022