J-S24014-21

2021 PA Super 216

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAMIEN A. GREEN | : | No. 355 WDA 2021 |

Appeal from the Order Entered March 10, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000638-2020

BEFORE:   DUBOW, J., KING, J., and STEVENS, P.J.E.*

OPINION BY DUBOW, J.:                                    **FILED: OCTOBER 25, 2021**

The Commonwealth appeals from the Order granting the Petition for Decertification filed by Appellee Damien A. Green and transferring charges of Second-Degree Murder and other offenses to the juvenile court for adjudication.[1]  After careful review, we quash this appeal because the order from which the Commonwealth appeals is a legal nullity.

On February 27, 2020, Devon Pfirsching died after an assault and a gunshot wound in the head.  After an investigation, the Commonwealth charged Appellee, who was 15 years old at the time of the incident, and three

_____

* Former Justice specially assigned to the Superior Court.

[1] The Commonwealth certified with its Notice of Appeal that the interlocutory decertification of this matter and transfer to juvenile court will terminate or substantially handicap the prosecution of these criminal offenses. Pa.R.A.P. 311(d).

other juveniles with Murder, Robbery, Conspiracy to Commit Robbery, and related offenses.

Appellee and the other three juveniles each filed Petitions to Decertify, seeking the appointment of an expert and the transfer of their cases to juvenile court. The court appointed an expert and scheduled individual and separate hearings for each of the juvenile's decertification petitions.

The court held a two-day remote hearing on Appellee's decertification petition. At the close of evidence on January 19, 2021, the court noted that it had twenty days after the hearing to issue its decision, *i.e.*, until February 8, 2021.

On March 10, 2021, fifty days after the hearing, the court entered its Order stating first that it "made decision [*sic*] and finding in this matter on February 2, 2021."[2] The court then stated that Appellee had "proven by a preponderance of the evidence that the interest of society is served by decertification because the supervision, rehabilitation, and care he will receive in the juvenile system for up to five years will promote responsibility and the ability for him to become a productive member of society." Order, dated

_____

[2] The docket is devoid of any indication that the court issued a "decision and finding" on February 2, 2021, or otherwise communicated with the parties after the January 19, 2021 hearing. The Commonwealth asserts, however, that during a phone call on March 8, 2021, the court requested that the litigants waive the statutory twenty-day deadline provided in 42 Pa.C.S. 6322 and Pa.R.Crim.P. 597. The parties responded in writing the next day, with the Commonwealth declining the court's request, noting that the statutory time limit could not be waived, and positing that the decertification petition had already been denied by operation of law. Commonwealth's Br. at 12-13.

3/9/21. The Court sealed its Opinion in Support of its Order pending the final hearing on one co-defendant's decertification petition.[3]

The Commonwealth filed its Notice of Appeal on March 10, 2021, followed by a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court submitted a responsive Rule 1925(a) Opinion.

The Commonwealth raised two issues for our review, the first of which implicates this Court's jurisdiction to review this appeal.[4] The Commonwealth first asserts that because "the lower court . . . did not take action until March 9, 2021 (approximately fifty (50) days after the hearing)," the court "lost jurisdiction to take action on Appellee's petition." Appellant's Br. at 23 (citing 42 Pa.C.S. § 6322(b) and Pa.R.Crim.P. 597(d)). The Commonwealth requests that this Court "deem the lower court's untimely order granting decertification a legal nullity[.]" *Id*. at 24. Because a legally-null order renders an appeal taken therefrom likewise legally null, we must address this issue first. ***Commonwealth v. Spencer***, 496 A.2d 1156, 1160 (Pa. Super. 1985).

_____

[3] In its Order entered March 10, 2021, the court noted that it had requested that the parties waive the 20-day deadline for issuance of its Order and Opinion because its disposition "could influence ongoing testimony in the joined co-defendant's Petition for Certification." Order, 3/9/21. The court, thus, noted that it "memorialized its previous decision and findings in Order form" indicating it would "issue an Opinion under seal, which will be released at the conclusion of the hearing for the co-defendant." *Id*. The court distributed its full Opinion in this matter to the parties on March 19, 2021.

[4] The Commonwealth's second issue challenges the sufficiency of the evidence supporting the court's determination. Based on the disposition of the first issue, we may not address this sufficiency challenge.

When the Commonwealth charges a juvenile with murder, jurisdiction is vested with the criminal division of the court of common pleas. *See* 42 Pa.C.S. §§ 6302, 6322(a) (excluding murder from the definition of "delinquent acts" that are reviewable under the court of common pleas' juvenile division's original jurisdiction). However, a juvenile charged with murder may request that the matter be decertified and transferred to the juvenile division for adjudication. *Commonwealth v. Ruffin*, 10 A.3d 336, 338 (Pa. Super. 2010). The court must then hold a hearing at which the juvenile must establish by a preponderance of the evidence that the transfer will serve the public interest. 42 Pa. C.S. § 6322(a). If the court finds that the juvenile has met his burden under subsection (a), "the court shall make findings of fact, including specific references to the evidence, and conclusions of law in support of the transfer order." 42 Pa.C.S. § 6322(b). "**If the court does not make its finding within 20 days of the hearing on the petition to transfer the case, the defendant's petition to transfer the case shall be denied by operation of law.**" *Id*. (emphasis added).[5]

If a court issues an order after statutory time limits have passed, that order is a legal nullity. *Commonwealth v. Martinez*, 141 A.3d 485, 490-91

---

[5] Our rules of criminal procedure also require the court to announce its decision regarding the transfer of the case in open court no later than 20 days after the hearing. Pa.R.Crim.P. 597(C). If no decision is rendered within 20 days of the conclusion of the hearing, the motion for transfer "shall be denied by operation of law. The clerk of courts immediately shall enter an order on behalf of the judge." *Id.* at 597(D). The court in this case did not follow this rule.

(Pa. Super. 2016). *See*, *e.g.*, **Commonwealth v. Bentley**, 831 A.2d 668, 670 (Pa. Super. 2003) (failure to rule on a post-sentence motion within the prescribed period divested the court of jurisdiction to render a decision at a later date); **Commonwealth v. Santone**, 757 A.2d 963, 966 (Pa. Super. 2000) (concluding that an order issued beyond the time period set forth in what is now Pa.R.Crim.P. 720 was a legal nullity).

Here, the court had the authority to act on Appellee's decertification and transfer petition until February 8, 2021, twenty days after the conclusion of the hearing. After February 8, 2021, pursuant to Section 6322, the court no longer had the authority to act on the petition. The court's Order granting the petition, entered on March 10, 2021, is, thus, a legal nullity.

Because the court's order is a legal nullity, this Appeal is also a legal nullity. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2021