J-A22025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN MICHAEL WALSH | : | |
| | : | |
| Appellant | : | No. 463 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008180-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN WALSH | : | |
| | : | |
| Appellant | : | No. 464 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002515-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN WALSH | : | |
| | : | |
| Appellant | : | No. 465 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015422-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
|---|---|---|
| v. | : |  |
|  | : |  |
|  | : |  |
| BRIAN WALSH | : |  |
|  | : |  |
| Appellant | : | No. 466 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015428-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| BRIAN MICHAEL WALSH | : |  |
|  | : |  |
| Appellant | : | No. 467 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003316-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| BRIAN WALSH | : |  |
|  | : |  |
| Appellant | : | No. 468 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002622-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |

- 2 -

BRIAN WALSH                             :
                                        :
            Appellant                   :       No. 469 WDA 2021

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003439-2012

COMMONWEALTH OF PENNSYLVANIA    :       IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
BRIAN WALSH                     :
                                :
            Appellant           :       No. 470 WDA 2021

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003604-2012

COMMONWEALTH OF PENNSYLVANIA    :       IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
BRIAN M. WALSH                  :
                                :
            Appellant           :       No. 471 WDA 2021

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000223-2015

COMMONWEALTH OF PENNSYLVANIA    :       IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
BRIAN MICHAEL WALSH             :
                                :
            Appellant           :       No. 472 WDA 2021

Appeal from the Judgment of Sentence Entered September 19, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000937-2015

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: JANUARY 19, 2023**

In this consolidated appeal, Appellant, Brian Michael Walsh, appeals *nunc pro tunc* from the judgment of sentence entered on September 19, 2018, in the Court of Common Pleas of Allegheny County. After careful review, we vacate in part and affirm in part.

This appeal presents a complex procedural history, which we untangle as follows. Between February 25, 2010, and June 12, 2015, Appellant pleaded guilty to 26 offenses across 10 underlying trial court dockets. As of March 2018, Appellant was serving probationary sentences on each docket.

On March 13, 2018, Appellant pleaded guilty to Escape. As a result, on September 17, 2018, the court held a violation of probation ("VOP") hearing. The court found that Appellant had violated his probation at each of the above dockets. Aided by a pre-sentence investigation ("PSI") report, the court imposed an aggregate term of 7½ to 15 years' incarceration.

On the same day, the court recognized illegalities in several of the sentences it imposed.[1] On September 19, 2018, the court convened a second

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** Stipulation, 12/8/22, at 3-4 (stipulating that neither party filed a motion for reconsideration of sentence and the trial judge's secretary, on September
*(Footnote Continued Next Page)*

sentencing hearing to address the illegalities. After hearing from Appellant, his counsel, and the Adult Probation Department, and after reviewing the PSI report, the court vacated Appellant's September 17, 2018 sentence and resentenced him to an aggregate term of 11½ to 23 years' incarceration.

On October 1, 2018, Appellant timely filed a motion to reconsider the September 19, 2018 sentence, challenging the court's exercise of sentencing discretion. The court did not act on Appellant's motion within 30 days and, as a result, it was denied by operation of law.[2] Nonetheless, on December 3, 2018, 45 days after its jurisdiction expired, the VOP court held a hearing where it granted Appellant's motion and amended his incarceration sentence.

On March 4, 2019, the VOP court held another sentencing hearing to correct an alleged illegality in Appellant's December 3, 2018 amended sentence.[3] This hearing occurred 136 days after the VOP court was divested

_____

17, 2018, informed the Adult Probation Department that the sentence contained illegalities). We observe that because the trial court convened this sentencing hearing *sua sponte*, its imposition of an increased sentence was not a product of judicial vindictiveness. **Cf. Commonwealth v. Rocco**, 544 A.2d 496, 498 (Pa. Super. 1988) (recognizing that judicial vindictiveness exists "where the accused is treated more harshly because [the accused] successfully exercised a lawful right").

[2] As discussed at length *infra*, a VOP court has a 30-day jurisdictional period to address a motion to reconsider sentence. **See** Pa.R.Crim.P. 708(E).

[3] The context of the March 4, 2019 hearing makes clear that it was prompted by a motion by Appellant. **See** N.T. Hearing, 3/4/19, at 2 ("[Appellant's counsel:] first, thank you for granting our motion to allow us back here."). Unfortunately, no such motion appears in the certified records or on the certified dockets.

of jurisdiction. The court vacated a portion of Appellant's sentence and imposed a new, consecutive term of incarceration.

As a result of the above, Appellant is currently serving an aggregate term of 11 years and 9 months to 23½ years of incarceration, comprised of a term of 3½ to 7 years' incarceration imposed on December 3, 2018, and a consecutive term of 8 years and 3 months to 16½ years' incarceration imposed on March 4, 2019.[4]

Appellant filed an untimely direct appeal to this Court, which he subsequently discontinued. On November 12, 2020, represented by new counsel, Appellant filed a Post Conviction Relief Act (PCRA) Petition requesting reinstatement of his appellate rights *nunc pro tunc*. On March 11, 2021, the PCRA court granted Appellant's request and reinstated his appellate rights.

Appellant filed a timely *nunc pro tunc* Notice of Appeal from the September 19, 2018 judgment of sentence,[5] and complied with Pa.R.A.P.

_____

[4] Additionally, several probationary sentences imposed by the VOP court on September 19, 2018, remain active. Appellant is to serve these probationary sentences consecutive to his incarceration sentences, and concurrent to probationary sentences imposed on March 4, 2019.

[5] As discussed *infra*, the court's December 3, 2018, and March 4, 2019 sentences are legal nullities and, thus, we conclude that Appellant's appeal from the September 19, 2018 judgment of sentence is properly before us. **See Commonwealth v. Klein**, 795 A.2d 424, 431 (Pa. Super. 2002) (recognizing that an illegal sentence is a legal nullity). **Cf. Commonwealth v. Green**, 265 A.3d 798, 801 (Pa. Super. 2021) (quashing appeal from a trial court ordered entered after expiration of jurisdictional time limits, reasoning that "[b]ecause the court's order is a legal nullity, this [a]ppeal is also a legal nullity").

1925(b). The trial judge overseeing the above proceedings retired without issuing a Pa.R.A.P. 1925(a) opinion.[6]

Appellant has raised the following issues for our review:

1. Under 42 Pa.C.S. § 5505, did the trial court lack jurisdiction when it attempted to modify its revocation sentence on December [3], 2018 and March 4, 2019?

2. Did the trial court abuse its discretion when imposing the harsher revocation sentence two days after the first revocation sentence, and there's no of-record "statement of the reason or reasons for the sentence imposed" as required under 42 Pa.C.S. § 9721(b)?

Appellant's Br. at 4.

**A.**

In his first issue, Appellant challenges the trial court's jurisdiction to enter its December 3, 2018, and March 4, 2019 judgments of sentence. ***Id.*** at 16-20. Appellant argues that the trial court lacked jurisdiction to enter these judgments, rendering them illegal. ***Id.*** We agree.

Jurisdiction relates to a court's power to hear and decide a controversy. ***Commonwealth v. Gross***, 101 A.3d 28, 32 (Pa. 2014). To enter a sentencing order with legal effect, the court must have jurisdiction. ***See Commonwealth v. Santone***, 757 A.2d 963, 966 (Pa. Super. 2000) ("Where there is no jurisdiction, there is no authority to pronounce judgment."). A sentence imposed by a court without jurisdiction is illegal. ***Commonwealth v. Tobin***,

_____

[6] Unfortunately, after his retirement and during the pendency of this appeal, the trial judge overseeing the above proceedings passed away. Since the issues raised on appeal present legal, and not factual, issues, we have chosen to decide this appeal without the benefit of a Pa.R.A.P. 1925(a) Opinion.

89 A.3d 663, 668 (Pa. Super. 2014). It is axiomatic that "[a]n illegal sentence must be vacated." *Commonwealth v. Martinez*, 141 A.3d 485, 487 (Pa. Super. 2016) (citing *Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa. Super. 2010) (*en banc*)). When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary. *Id.*

The instant controversy relates to the VOP court's jurisdiction to amend its September 19, 2018 VOP sentence.[7] After a VOP court imposes sentence, the defendant has 10 days to file a motion to modify sentence. Pa.R.Crim.P. 708(E). The filing of a motion will not toll the 30-day appeal period. *Id.* Therefore, "[a]ny appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days grants reconsideration or vacates the sentence." *Id.* at cmt. Crucially, "[a]fter the 30 days have passed, the trial court is divested of jurisdiction to rule on the motion to reconsider sentence." *Commonwealth v. Swope*, 123 A.3d 333, 337 n.16 (Pa. Super. 2015). *See Commonwealth v. Coleman*, 721 A.2d 798, 799 n.2 (Pa. Super. 1998) (recognizing a "30-day jurisdictional period" to address motion).

In the instant case, the VOP court entered its VOP sentence on September 19, 2018. Appellant timely filed a motion to modify sentence. The court had until October 19, 2018, 30 days from its entry of the September 19, 2018 sentence, to either grant reconsideration or vacate Appellant's sentence.

---

[7] Appellant does not challenge the VOP court's authority under 42 Pa.C.S. § 5505 to amend its September 17, 2018 sentence two days later by issuing the September 19, 2018 sentence.

The VOP court did not act on Appellant's motion to modify sentence within its 30-day jurisdictional period. Instead, on December 3, 2018, the court held a hearing and entered its modified sentence. The court entered the modified sentence 45 days after it lost jurisdiction to rule on Appellant's motion and, as a result, the modified sentence is illegal.

The court then, on March 4, 2019, held another hearing where it vacated portions of Appellant's sentence and imposed a new sentence. This hearing occurred 136 days after the court lost jurisdiction and, thus, the March 4, 2019 sentence is likewise illegal. Since the December 3, 2018 and March 4, 2019 sentences are illegal, we vacate them and reinstate Appellant's September 19, 2018 judgment of sentence.[8]

**B.**

Appellant's second issue challenges the VOP court's exercise of sentencing discretion in imposing the September 19, 2018 judgment of sentence. Appellant's Br. at 19-24. "An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008).

To invoke this Court's jurisdiction over such a discretionary challenge, the Appellant must (1) have timely filed a notice of appeal; (2) have preserved

---

[8] In *Commonwealth v. Gordon*, 477 A.2d 1342, 1346 (Pa. Super. 1984), in a similarly convoluted case, this Court vacated an untimely amended judgment of sentence and "reinstate[d] the original sentence[.]" We draw guidance from *Gordon* in our disposition of this issue.

the issue at sentencing or in a motion to reconsider and modify sentence; (3) include in his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) within the concise statement, raise a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Starr*, 234 A.3d 755, 759 (Pa. Super. 2020).

Appellant timely filed the instant appeal *nunc pro tunc*, preserved his sentencing claim in a post-sentence motion, and has included in his brief a Rule 2119(f) Statement. In his Rule 2119(f) Statement, Appellant contends that the VOP court imposed an "excessive sentence" without satisfying the requirement that it "make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." Appellant's Br. at 13 (citing 42 Pa.C.S. § 9721(b)). This raises a substantial question for our review. *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (*en banc*) (finding substantial question where court failed to place its reasons on the record for imposing an allegedly excessive sentence).

We proceed to review Appellant's discretionary challenge mindful that sentencing is vested in the sound discretion of the sentencing judge. *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013). We will only disturb a sentence on appeal if we determine that the sentencing court committed a manifest abuse of discretion. *Id.* To establish a manifest abuse of discretion, the appellant must prove, by reference to the record, "that the

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

In every case where the court resentences an offender following revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the PSI[,] thus properly considering and weighing all relevant factors." ***Commonwealth v. Miller***, 275 A.3d 530, 535 (Pa. Super. 2022) (citation omitted). "[W]here the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, . . . the [VOP] sentence, if within the statutory bounds, is [particularly] within the judge's discretion." ***Commonwealth v. Pasture***, 107 A.3d 21, 28-29 (Pa. 2014).

In the instant case, before imposing sentence on September 19, 2018, the VOP court heard from Appellant, his counsel, and the Adult Probation Department, and reviewed the PSI report. N.T. Hr'g, 9/19/18, at 2-4. The court then imposed consecutive terms of incarceration of 5 to 10 years for Burglary, 3½ to 7 years for one count of Access Device Fraud, and 3 to 6 years for another count of Access Device Fraud. ***See*** 18 Pa.C.S. §§ 3502(c)(2),

4106(a)(1)(i). These sentences are within the statutory bounds set by our legislature. *See* 18 Pa.C.S. § 1103(2), (3).

By indicating that it had reviewed the PSI, the VOP court satisfied the requirement that it place on the record a statement of the reasons for the sentence imposed. The court then imposed sentences within the statutory bounds. As dictated by our Supreme Court, the sentence is particularly within the judge's discretion, and we discern no abuse of that discretion. As a result, we affirm.

**C.**

In conclusion, we vacate as illegal the December 3, 2018, and March 4, 2019 judgments of sentence. We reinstate and affirm the September 19, 2018 judgment of sentence.

December 3, 2018, and March 4, 2019 judgments of sentence vacated. September 19, 2018 judgment of sentence reinstated and affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/19/2023

- 12 -