J-A17012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IN RE: GENEVIEVE BUSH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: MARY BUSH | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2657 EDA 2022 |

Appeal from the Order Entered September 20, 2022
In the Court of Common Pleas of Chester County Orphans' Court at
No(s):  1509-1720

BEFORE:  KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED AUGUST 28, 2023**

Mary Bush (Bush) appeals *pro se* from the September 20, 2022 order of the Court of Common Pleas of Chester County (trial court) dismissing as moot her motion for sanctions and objections to the final accounting of the Estate of Genevieve Bush (Genevieve).  We quash the appeal.

Briefly, the instant docket concerns a guardianship that was granted over Genevieve, Bush's mother, and has been the subject of substantial litigation by Bush since its initiation.  The guardianship was opened in 2011 and continued through Genevieve's death in June of 2021.  The guardians of Bush's person and estate filed the required final accountings in early August of 2021.  **See** 20 Pa.C.S. § 5521(c)(2) ("Within 60 days of the death of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

incapacitated person . . . the guardian shall file a final report with the court."). Bush did not file any objections and approximately three months later, on November 3, 2021, the trial court entered an order terminating the guardianship. Notwithstanding the termination, Bush filed objections to the final accountings on December 23, 2021.

As the trial court explains, at a hearing on September 19, 2022, regarding Genevieve's contested will, which was docketed separately, Bush brought to its attention that pleadings in the instant matter had never been addressed. Trial Court Opinion, 12/19/22, at 1 n.1. These pleadings were a motion for sanctions filed on January 8, 2020, and Bush's objection to the guardian's final accounting filed on December 23, 2021. Upon review of the docket, the trial court discovered that the guardianship had been closed by final order and dismissed Bush's two filings as moot. Bush timely appealed and she and the trial court complied with Pa. R.A.P. 1925.

In its opinion, the trial court explained that it lacked jurisdiction to consider the substance of the two pleadings because the guardianship had been terminated more than 30 days prior. Trial Court Opinion, 12/19/22, at 1-2 (citing 42 Pa.C.S. § 5505 and related cases). We agree. "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. Unless a trial

court expressly grants a motion for reconsideration within the 30-day period, it loses jurisdiction to modify or rescind the final order. *Mfrs. & Traders Trust Co. v. Greenville Gastroenterology, SC*, 108 A.3d 913, 918 (Pa. Super. 2015).

Here, the trial court issued an order dismissing the two pleadings as moot but acknowledged in its opinion pursuant to Pa. R.A.P. 1925(a) that it lacked jurisdiction to take any action on a case that had been closed by final order nearly a year prior. "If a court issues an order after statutory time limits have passed, that order is a legal nullity." *Commonwealth v. Green*, 265 A.3d 798, 800 (Pa. Super. 2021), *aff'd*, 284 A.3d 451 (Pa. 2022). Moreover, "a legally-null order renders an appeal taken therefrom likewise legally null." *Id.* Accordingly, we quash this appeal.[1]

Appeal quashed.

---

[1] If Bush believed it was improper for the trial court to decline to rule on her pleadings before terminating the guardianship, her remedy was to file a timely motion for reconsideration or notice of appeal. She failed to do so. Her objections to the final accounting were filed 50 days *after* the termination order was docketed and cannot reasonably be construed as a timely motion for reconsideration or notice of appeal. *See* Pa. R.A.P. 903(a) (requiring that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/28/2023</u>