J-A17037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| C.O., a minor | : | No. 679 WDA 2024 |

Appeal from the Order Entered May 29, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007933-2021

BEFORE: McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: AUGUST 12, 2025**

The Commonwealth of Pennsylvania appeals from the order that denied its motion objecting to the transfer of jurisdiction in this case to the Juvenile Division of the Allegheny County Court of Common Pleas, arguing that the court lacked jurisdiction to enter the transfer order more than 20 days after the hearing on the petition. Because the Commonwealth failed to file a timely notice of appeal from the order granting the transfer, we quash this appeal.

While the particular facts of the underlying case are not pertinent to our decision, we note that the juvenile defendant, aged 13 at the time of the crimes, was charged with homicide and other offenses via criminal complaint filed on October 25, 2021. On August 8, 2022, counsel for the juvenile filed a motion seeking to transfer jurisdiction of his case to the Juvenile Division of the Allegheny County Court of Common Pleas. The trial court appointed experts and ordered that a forensic psychiatric examination of the juvenile be

performed. On November 15, 2023, the court held a decertification hearing on the juvenile's petition.

At the conclusion of the November 15th hearing, the trial court stated that it needed to review the exhibits and documents that had been submitted during the hearing; thus, the court proposed that the parties return on November 28, 2023, for a decision to be rendered. N.T., 11/15/23, at 213. Both parties agreed to appear on November 28, 2023.

On the day before the scheduled hearing to announce the court's decision, the trial court emailed the parties asking them to agree to move the hearing to December 19, 2023. N.T., 5/29/24, at 2-3. In response to this email, both the Commonwealth and counsel for C.O. responded by accepting the new date without objection. *Id.* At the rescheduled hearing, the court granted the motion to transfer the case to the juvenile division. N.T., 12/19/23, at 10-11. C.O. was placed at Adelphoi Village for detention pending a hearing on the delinquency petition. *Id.* at 11. Interestingly, the court noted at the end of the hearing that the Commonwealth had a right to appeal the decision. *Id.*

Time passed. Then, on May 3, 2024, the Commonwealth filed an objection to the motion to transfer the case to the juvenile division, asserting that the trial court had lost jurisdiction to grant the transfer because more than 20 days had passed between the hearing date and the court's decision. According to the Commonwealth, the juvenile's motion to transfer had to be ruled on within 20 days of the hearing under 42 Pa.C.S. § 6322(b) or it would

be automatically denied by operation of law. The Commonwealth further maintained that the trial court similarly violated the holding of **Commonwealth v. Green**, 265 A.3d 798 (Pa. Super. 2021), *aff'd*, 291 A.3d 317 (Pa. 2023) (determining that the trial court did not have the authority to act on the juvenile's petition to transfer more than 20 days after the hearing on the petition concluded, and therefore characterizing the trial court's order entered outside of the 20-day period as a legal nullity). The Commonwealth concluded that the December 19, 2023 order, issued 34 days after the hearing date, was untimely and a legal nullity.

The trial court denied the Commonwealth's motion after a hearing on May 29, 2024. The Commonwealth then filed its appeal to this Court on June 7, 2024, purporting to appeal from the trial court's May 29, 2024 order and invoking Pa.R.A.P. 311(d), discussed *infra*. The trial court thereafter ordered the Commonwealth to file a statement of errors pursuant to Pa.R.A.P. 1925(b). Apparently, the Commonwealth emailed its statement of errors to the trial court, but the statement was not filed in the certified record. The trial court issued its Rule 1925(a) opinion on August 27, 2024.

The Commonwealth raises one issue on appeal, as follows:

> Whether the order granting the decertification and transferring the case to the Family Division was a nullity because the court lost jurisdiction to act once the 20 days following the close of evidence occurred, pursuant to 42 Pa.C.S.[] § 6322, and … **Green**, … and that jurisdiction lies in the Criminal Division of the Court of Common Pleas?

Commonwealth's Brief at 5.

- 3 -

Before addressing the Commonwealth's issue, we must first determine if this appeal is properly before us. We note that an order transferring a case from the trial division to the juvenile division of the Court of Common Pleas is immediately appealable by the Commonwealth as of right where the Commonwealth complies with Rule 311(d). ***Commonwealth v. Johnson***, 669 A.2d 315, 322-23 (Pa. 1995). Rule 311(d) states:

> **(d) Commonwealth Appeals in Criminal Cases.** In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d).

In this case, the Commonwealth did not file an appeal from the December 19, 2023 order granting decertification. Rather, in its notice of appeal, the Commonwealth purports to appeal from the trial court's May 29, 2024 order denying its motion objecting to the transfer. ***See*** Notice of Appeal, 6/7/24, at unnumbered 2 (stating that the Commonwealth "appeals … from the order entered in this matter on May 29, 2024, refusing to recognize that the order decertifying the case to the Juvenile Division on December 19, 2023, was a nullity…"). However, the certification attached to the Commonwealth's notice of appeal provides: "The Commonwealth hereby certifies in good faith that the order appealed from, granting defendant's pretrial motion to decertify the case from the Criminal Division to the Juvenile Division, substantially handicaps and/or effectively terminates prosecution of appellee/defendant on

- 4 -

the specified charges." ***Id.*** at unnumbered 42 (citations omitted). Notably, the Commonwealth failed to certify that **the May 29, 2024 order** substantially handicaps and/or effectively terminates the prosecution of its case.

As a result of this confusing procedural posture, our Court issued a Rule to Show Cause as to why this appeal should not be quashed. Rule to Show Cause Order, 8/8/24. On August 12, 2024, the Commonwealth filed a response, stating, in pertinent part:

> Beginning with its Objection to Transfer for Lack of Jurisdiction, the Commonwealth sought to impress upon the trial court that it had lost jurisdiction to continue with the case in the Juvenile Division of the Court of Common Pleas, and that the case remained in the Criminal Division by operation of law. It was the Commonwealth's belief that once the trial court was presented with the decision in ***Green***, ***supra***, the court would recognize that reality and allow the case to proceed in the Criminal Division. The opposite occurred.
>
> *****
>
> Notably, the fact that five months pas[sed] from the entry of that decertification order until the Commonwealth filed its objection to the transfer is of no moment, as this issue involves the jurisdiction of the court to act and therefore, is not waivable. ***See*** … ***Johnson***….
>
> *****
>
> Moreover, the Commonwealth included in its Notice of Appeal its certification that it was substantially handicapped in continuing to prosecute the case because of the trial court's order decertifying the case to the Juvenile Division. While the certification does refer to the original decertification order and not the subsequent order denying the Commonwealth's objection to the decertification, the Commonwealth submits that this should not be deemed a fatal defect as the effect of the two is the same, the trial court continues to prevent the transfer of the case to the Criminal Division despite

- 5 -

having lost jurisdiction to grant decertification and continue to try [C.O.] in the Juvenile Division, and the Supreme Court has already recognized the Commonwealth's right to an interlocutory appeal in this situation pursuant to Pa.R.A.P. 311(d). *See* … *Johnson*, … 669 A.2d [at] 323….

Commonwealth's Answer to Rule to Show Cause, 8/12/24, at ¶¶ 9, 10, 14. This Court subsequently issued an order deferring the propriety of the Commonwealth's appeal to the merits panel. Order, 2/9/24.

Upon review, the Commonwealth's appeal must be quashed. Initially, to the extent the Commonwealth states that it is appealing from the trial court's May 29, 2024 order, the Commonwealth did not certify in the notice of appeal that the May 29, 2024 order terminates or substantially handicaps its prosecution of C.O. *See* Pa.R.A.P. 311(d). Instead, the Commonwealth provided certification that the **transfer order** terminated or substantially handicapped the prosecution of this case in its notice of appeal.

However, the Commonwealth did not appeal from the December 19, 2023 transfer order. Further, even if we construed its appeal as being from the December 19, 2023 transfer order, it would be untimely. Under the Pennsylvania Rules of Appellate Procedure, a notice of appeal is required to be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). The 30-day time limitation is mirrored in our Pennsylvania statutes, providing that appeals to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, even in cases of an interlocutory order. 42 Pa.C.S. § 5571(b). Moreover, this Court is not permitted to enlarge or extend the time for filing

a timely notice of appeal due to equitable concerns. Pa.R.A.P. 105(b). Thus, an appellant's failure to file a timely appeal will generally divest the appellate court of jurisdiction to hear the merits of that appeal. *Commonwealth v. Powell*, 290 A.3d 751, 755 n.8 (Pa. Super. 2023) (stating the general proposition that the failure to file a timely notice of appeal will divest the appellate court of jurisdiction to hear the issue).

The 30-day period in which to file an appeal from an interlocutory order that is immediately appealable under Rule 311(d) begins to run from the date of entry of that order, unless the trial court expressly and timely grants reconsideration of that order. *Powell*, 290 A.3d at 755 (citing *Gardner v. Consolidated Rail Corp.*, 100 A.3d 280, 283 (Pa. Super. 2014)). *See also Delaware Valley Landscape Stone, Inc. v. RRQ, LLC*, 319 A.3d 551, 559 n.9 (Pa. Super. 2024) (stating, when "a party wishes to take an interlocutory appeal[] as of right, the party must file a notice of appeal within thirty days of the entry of that interlocutory order"). The Commonwealth did not file its notice of appeal within 30 days of the entry of the December 19, 2023 order transferring jurisdiction to the juvenile court. The Commonwealth also did not seek, nor did the trial court expressly grant, reconsideration of the order transferring jurisdiction to the juvenile division.

The Commonwealth claims, however, that the fact that five months passed between the order granting the transfer and the Commonwealth's objection thereto is "of no moment, as this issue involves the jurisdiction of the court to act and therefore, is not waivable." Commonwealth's Brief at 14.

- 7 -

But this statement misses the mark. Without a timely notice of appeal, this Court has no ability to reach an appellant's claims, no matter what issue the appellant is seeking to raise on appeal. There is simply no mechanism available for the appellate court to address claims raised in an untimely appeal.

Accordingly, the Commonwealth's appeal must be quashed. The Commonwealth either failed to file a proper appeal from the May 29, 2024 order pursuant to Rule 311(d), or it failed to file a timely appeal from the December 19, 2023 order transferring jurisdiction.[1]

Appeal quashed.

Judge Lane joins this memorandum.

Judge McLaughlin concurs in the result.

_____

[1] In any event, even had we reached the merits of the Commonwealth's appeal, we would conclude that no relief is due. Under our Juvenile Act, the court must rule on a juvenile's petition to transfer his or her case from criminal proceedings to the juvenile court system "within 20 days of the hearing on the petition[,]" or the petition "shall be denied by operation of law." 42 Pa.C.S. § 6322. **See also** Pa.R.Crim.P. 597(C), (D) (mandating that a court has 20 days for a decision on a motion requesting a transfer to juvenile court). In **Green**, our Supreme Court held that the 20-day time frame is to be strictly applied. **Green**, 291 A.3d at 328. However, in that case, both parties did not agree to an extension of the 20-day time period in advance of its expiration. In contrast, here, the trial court emailed the parties on November 27, 2023 — before the 20-day deadline passed — asking to move its decision date to December 19, 2023. Both the Commonwealth and counsel for C.O. responded by accepting the new date without objection. Under these circumstances, even had the Commonwealth properly filed its appeal, we would decline to find that the trial court did not have the authority to enter the order when it did.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/12/2025